582 So.2d 721 (1991)
HOLIDAY ISLE RESORT & MARINA ASSOCIATES and Joe Roth, Petitioners,
v.
MONROE COUNTY, and the Monroe County Code Enforcement Board, Respondents.
Nos. 91-541, 91-543.
District Court of Appeal of Florida, Third District.
July 2, 1991.
Mattson & Tobin and Andrew M. Tobin, Key Largo, for petitioners.
Joseph H. Kelinson, Key West, for respondents.
Before HUBBART, JORGENSON and GODERICH, JJ.
PER CURIAM.
This is a consolidated petition for a writ of certiorari which seeks review of two circuit court orders dismissing appeals taken under Section 162.11, Florida Statutes (1989), by Holiday Isle Resort and Marina Associates and Joe Roth [petitioners] from adverse orders of the Monroe County Code Enforcement Board. The stated basis for dismissing these appeals was that:
"Appellants have raised only constitutional issues in their brief. The [c]ourt finds that constitutional claims may not be raised in an appeal to the [c]ircuit [c]ourt under Chapter 162, Florida Statute."
The constitutional issues raised by the petitioners in their brief in each appeal were that: (1) the Monroe County ordinance creating the Monroe County Code Enforcement Board was facially unconstitutional; and (2) the actions of the Monroe County Code Enforcement Board in this case deprived the petitioners of certain fundamental constitutional rights. Monroe County and the Monroe County Code Enforcement Board [respondents] urge that petitioners' sole remedy in this case was to file a complaint for declaratory relief under Chapter 86, Florida Statutes (1989).
We conclude that procedural due process has not been accorded to the petitioners because the circuit court has improperly refused to entertain petitioners' appeals on the merits, and that accordingly a writ of certiorari lies to quash the circuit court orders of dismissal. Education Dev. Center, Inc. v. City of West Palm Beach Zoning Bd. of Appeals, 541 So.2d 106, 108 (Fla. 1989); City of Deerfield Beach v. Vaillant, 419 So.2d 624, 626 (Fla. 1982). Contrary to the circuit court's determination, constitutional claims such as those *722 raised by the petitioners herein are properly cognizable on an appeal to the circuit court from a final order of an enforcement board taken pursuant to Section 162.11, Florida Statutes (1989), see Key Haven Assoc. Enters. v. Board of Trustees of the Internal Improvement Trust Fund, 427 So.2d 153, 156-58 (Fla. 1983).
The petition for writ of certiorari is granted, the orders of dismissal under review are quashed, and the cause is remanded to the circuit court with directions to reinstate the instant appeals. We, of course, express no views on the merits of the constitutional issues presented by these appeals, as this is for the circuit court to determine.
Certiorari granted.