Jerry **MASTRANGELO,** Plaintiff,

v.

**CITY OF ST. PETERSBURG,
et al., Defendants.**

**No. 94–1035–CIV–T–24(E).**

United States District Court,
M.D. Florida,
Tampa Division.

June 28, 1995.

Robert Harold Willis, Jr., Skelton, Willis, Rice & Bennett, St. Petersburg, FL, Matthew P. Farmer, Farmer & Fitzgerald, Tampa, FL, for plaintiff Jerry Mastrangelo.

William N. Drake, Jr., Asst. City Atty., City of St. Petersburg, St. Petersburg, FL, for defendants City of St. Petersburg, Fla., Wayne David Atherholt, Hilary Clarke, David W. Foster, John W. Owen, Catherine C. Prats, John A. Tripp, Earnest Williams, Charles Payne, Sr., Mary A. Saunders, as members of Nuisance Abatement Bd. for City of St. Petersburg.

## ORDER

BUCKLEW, District Judge.

This Cause is before the Court on the following motions:

(a) Defendants' Motion to Dismiss or Abstain (Doc. No. 19, filed October 31, 1994);

(b) Defendants' Motion to Dismiss or for Summary Judgment or Abstention (Doc. No. 31, filed December 5, 1994);

(c) Plaintiff's Motion to Strike Defendants' Notice of Supplemental Authority (Doc. No. 45, filed January 30, 1995); and

(d) Defendants' Motion to Strike Plaintiff's Response to Defendants' Notice of Supplemental Authority, Plaintiff's Request for Judicial Notice and Plaintiff's Motion to Strike Defendants' Notice of Supplemental Authority (Doc. No. 51, filed March 21, 1995).

Plaintiff originally commenced this civil rights action on June 29, 1994, in a seven count complaint (Doc. No. 1). An amended complaint was received by the Court on November 21, 1994, and filed on December 14, 1994 (Doc. No. 36).

The gravamen of Plaintiff's Amended Complaint is that the City of St. Petersburg via its Nuisance Abatement Board (the

"Board") targeted Plaintiff's motel (the "Siesta Motel") as an undesirable establishment and declared it a public nuisance pursuant to Florida Statute § 893.138[1] and City of St. Petersburg Ordinance 1137–F. *See* Doc. No. 36, ¶ 16. Pursuant to the statute, the Board ordered the Siesta Motel closed for one year. Plaintiff alleges that the Board arranged for several drug purchases at different locations in and around the Siesta Motel during September 1993. *See id.* at ¶ 8. Plaintiff further alleges that in determining the motel was a nuisance, the Board "accepted mere presumptive evidence," *see id.* at ¶ 14, and applied the incorrect standard of proof. The Board applied the "clear and convincing" standard as opposed to the "presumptive" standard. *See id.* at 19.

As a result of the Board's decision, Plaintiff alleges that he was deprived of his equal protection and due process rights and that he was deprived of the use of his property without compensation. *See id.* at ¶ 26. Accordingly, Plaintiff filed his seven count complaint, alleging Substantive Due Process and Equal Protection Violation (Count I), Denial of Due Process (Count II), Unconstitutional Exercise of the Police Power (Count III), Statute and Ordinance are Void for Vagueness (Count IV), Unconstitutional Taking (Count V), Municipal Liability (Count VI), and Unconstitutional Taking under Florida Law (Count VII).

Prior to the Plaintiff's filing of the amended complaint, Defendants[2] filed a motion to dismiss or abstain (Doc. No. 19, filed October 31, 1994). Defendants argue the complaint should be dismissed because the Defendants enjoyed absolute or qualified immunity. Alternatively, the Defendants contend the *Younger* abstention doctrine required the Court to abstain from exercising jurisdiction. Subsequent to the filing of the amended complaint, Defendants renewed their motion to dismiss or abstain and added a motion to dismiss or motion for summary judgment. This renewed and revised motion seeks to dismiss, or alternatively seeks summary judgment on, all counts of the amended complaint.

### Younger Abstention

■ Defendants argue that the *Younger* abstention requires the Court to abstain from exercising jurisdiction. Plaintiff responds that the *Younger* abstention fails because the state court proceedings do not provide him with an adequate remedy for his federal claims. Without citing to any case law, Plaintiff relies on the language of *St. Petersburg City Code* 19–68 ("Ordinance 19–68") for this conclusion. Ordinance 19–68 provides:

> An aggrieved party, including the City, may appeal a final administrative order of the Nuisance Abatement Board to the Circuit Court of the Sixth Judicial Circuit. Such an appeal shall not be a hearing de novo, but shall be limited to appellate review of the record created before the Board. An appeal shall be filed within 30 days of the date of the written order appealed from.

Plaintiff contends that the language of the ordinance, specifically the portion stating "an appeal shall not be a hearing de novo, but shall be limited to appellate review of the record created before the Board," prohibits the Circuit Court from addressing his federal claims.

■ In *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), the Supreme Court held that federal courts may not enjoin pending state court criminal proceedings except in very unusual exceptions. The basis for this doctrine, the *"Younger* abstention," is comity. Justice Black stated that the "underlying reason for restraining courts of equity from interfering with criminal prosecutions is reinforced by an even more vital consideration, the notion of 'comity,' that is a proper respect for state functions." *Id.* at 44, 91 S.Ct. at 750. Justice

---

1. Florida Statute § 893.138 authorizes local governments to declare as a public nuisance any place or premises that has been used on more than two occasions, within a six-month period, as the site of an unlawful sale, delivery, manufacture, or cultivation of any controlled substance.

2. The Defendants consist of the City of St. Petersburg and the members of the Board. The Board members are Wayne David Atherholt, Hillary Clarke, David W. Foster, John W. Owen, Catherine C. Prats, John A. Tripp, Earnest Williams, Charles Payne, Sr., and Mary A. Saunders.

Black summed up the concept in the phrase "Our Federalism," a belief that "the National Government will fare best if the states and their institutions are left free to perform their separate functions in separate ways." *Id.; see* Erwin Chemerinsky, *Federal Jurisdiction* 720 (1994). Thus, the *Younger* abstention is separate from and is not based on the Anti–Injunction Act. Chemerinsky, *supra,* at 715. "Federalism" and not judicial economy[3] motivate this doctrine. Federal courts should abstain from interfering with pending state criminal prosecutions, "even if there is an allegation of a constitutional violation and even though all jurisdictional and justiciability requirements are met." *Id.* at 716.

■ Utilizing the "federalism" rationale, the Court expanded the scope of the *Younger* abstention. The doctrine now prohibits federal courts from interfering not only with a pending state civil case in which the state is a party, *see Huffman v. Pursue, Ltd.,* 420 U.S. 592, 95 S.Ct. 1200, 43 L.Ed.2d 482 (1975), but also with a pending state administrative proceeding. *See Middlesex Ethics Comm. v. Garden State Bar Ass'n,* 457 U.S. 423, 102 S.Ct. 2515, 73 L.Ed.2d 116 (1982); *Ohio Civil Rights Comm'n v. Dayton Christian Schs., Inc.,* 477 U.S. 619, 106 S.Ct. 2718, 91 L.Ed.2d 512 (1986). The federal court should abstain from hearing a case when a state administrative proceeding is pending, the proceeding involves important state interests and the state proceedings afford adequate opportunity to raise constitutional issues.[4] The "adequate opportunity to address the constitutional issues" requirement is satisfied if constitutional issues may be raised in the state-court judicial review proceedings. *Ohio Civil Rights Comm'n,* 477 U.S. at 629, 106 S.Ct. at 2724.

■ In the instant case, the issue of drugs and the ability of local governments to control them via Nuisance Abatement Boards pursuant to Florida Statute § 893.138 constitutes an important state interest. Plaintiff does not contest this point. Rather, Plaintiff challenges the "adequate opportunity to address the constitutional issues" requirement. Plaintiff argues that the language of Ordinance 19–68 prohibits the appeals court from addressing Plaintiff's constitutional claims. The Court disagrees.

The pertinent language of Ordinance 19–68 is identical to the language of Florida Statute § 162.11. Section 162.11 addresses an aggrieved party's right to appeal a local government's enforcement board's final order. The Statute provides, "Such an appeal shall not be a hearing de novo but shall be limited to appellate review of the record created before the enforcement board."

The Third District Court of Appeal of Florida has addressed the scope of an appeal brought pursuant to Florida Statute § 162.11. In *Holiday Isle Resort v. Monroe County,* 582 So.2d 721 (Fla. 3d DCA 1991), the petitioners raised only constitutional issues on their appeal of an adverse order of the Monroe County Code Enforcement Board. The Florida Circuit Court dismissed the appeal, stating "Appellants have raised only constitutional issues in their brief. The [c]ourt finds that constitutional claims may not be raised in an appeal to the [c]ircuit [c]ourt under Chapter 162, Florida Statute." *Id.* at 721. The constitutional issues were (1) "the Monroe County ordinance creating the Monroe County Code Enforcement Board was facially unconstitutional; and (2) the actions of the Monroe County Code Enforcement Board in this case deprived the petitioners of certain fundamental constitutional rights." *Id.*

On appeal the Florida District Court of Appeal reversed the Circuit Court. The Third District Court of Appeal stated, "Contrary to the circuit court's determination,

---

**3.** *See Moses H. Cone Memorial Hosp. v. Mercury Const. Co.,* 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983) (holding that abstention to avoid duplicative litigation is permissible only in exceptional circumstances). *See also* Chemerinsky, *supra,* at 768.

**4.** *See Ohio Civil Rights Comm's,* 477 U.S. at 627, 106 S.Ct. at 2722. ("We have also applied [the *Younger* abstention] to state administrative proceedings in which important state interests are vindicated, so long as in the course of those proceedings the federal plaintiff would have a full and fair opportunity to litigate his constitutional claims").

constitutional claims such as those raised by the petitioners herein are properly cognizable on an appeal to the circuit court from a final order of an enforcement board taken pursuant to Section 162.11, Florida Statutes (1989)." *Id.* at 721–22.

In light of the opinions in *Ohio Civil Rights Comm'n v. Dayton Christian Schs., Inc.* and *Holiday Isle Resort v. Monroe County* the Court abstains from exercising jurisdiction over Plaintiff's case. Plaintiff has alleged constitutional violations which fall within the purview of the Florida Circuit Court.

Accordingly, it is **ADJUDGED AND OR-DERED** that:

(a) Defendants' Motion to Dismiss or Abstain (Doc. No. 19, filed October 31, 1994) is **GRANTED.** The Court **ABSTAINS** from exercising jurisdiction over Plaintiff's case. The Clerk is directed to **CLOSE** this case.

(b) Defendants' Motion to Dismiss or for Summary Judgment or Abstention (Doc. No. 31, filed December 5, 1994) is **DENIED AS MOOT.**

(c) Plaintiff's Motion to Strike Defendants' Notice of Supplemental Authority (Doc. No. 45, filed January 30, 1995) is **DENIED AS MOOT.**

(d) Defendants' Motion to Strike Plaintiff's Response to Defendants' Notice of Supplemental Authority, Plaintiff's Request for Judicial Notice and Plaintiff's Motion to Strike Defendants' Notice of Supplemental Authority (Doc. No. 51, filed March 21, 1995) is **DENIED AS MOOT.**

DONE AND ORDERED.