907 So.2d 1220 (2005)
Susie RIOPELLE, Appellant,
v.
DEPARTMENT OF FINANCIAL SERVICES, DIVISION OF WORKERS' COMPENSATION, Appellee.
Nos. 1D04-1347, 1D04-2908.
District Court of Appeal of Florida, First District.
June 28, 2005.
Rehearing Denied August 1, 2005.
*1221 Randall O. Reder, Tampa, for Appellant.
David C. Hawkins, Assistant General Counsel, Department of Financial Services, Tallahassee, for Appellee.
PER CURIAM.
Susie Riopelle, owner of Yellow Jacket Construction, Inc., appeals two orders of the Department of Financial Services, affirming two stop-work and penalty-assessment orders issued against her for failing to provide workers'-compensation coverage to eight employees at two job sites.[1] We affirm.
After evidentiary hearings in each case, the administrative law judges concluded *1222 that Riopelle had failed to show the eight men were independent contractors rather than employees, and recommended approving the fines assessed against her of $21,100 in case number 1D04-1347, and $1,100 in case number 1D04-2908. The Department adopted the recommendations and issued final orders to that effect. Riopelle does not challenge the factual findings on appeal, but instead raises several legal challenges. First, she claims that section 440.107, Florida Statutes (2001), violates the due-process clause of the 14th Amendment of the United States Constitution, and article I, section 9, of the Florida Constitution, because it does not provide for notice or an opportunity to be heard before or immediately upon issuance of a stop-work order, and instead only permits an employer to contest an order under chapter 120, which, she claims, does not provide expedited review. We do not agree.
In Mitchell v. W.T. Grant Co., 416 U.S. 600, 611, 94 S.Ct. 1895, 40 L.Ed.2d 406 (1974), the Supreme Court stated that the right to due process does not require a hearing before possession of property is disturbed, but that a "full and immediate" hearing must be made available "before one is finally deprived of his property." The administrative law judge advised Riopelle by order that she had the right to request an expedited, summary hearing pursuant to section 120.574, Florida Statutes (2001). She instead sought relief under section 120.57(1), Florida Statutes (2001), and never informed the judge or the Department that she was being harmed by the less expeditious proceeding. See Stock v. Dep't of Banking and Fin., 584 So.2d 112, 115 (Fla. 5th DCA 1991) (stating that the appellant "cannot request a hearing in a manner that would suggest routine handling and then complain for the first time on appeal that she was not given an early hearing."). Riopelle therefore fails to show that section 440.107 is unconstitutional by denying due process to an employer found to be in violation of chapter 440.
Riopelle also claims that section 440.107 violates the excessive-fines clause in article I, section 17, of the Florida Constitution, because the $22,200 assessed against her is disproportionate to her offense, when she honestly believed her workers were independent contractors. Of this amount, however, $20,000 was imposed in case number 1D04-1347 under a different statute altogether  section 440.10(1)(f), Florida Statutes (2001)  which authorizes a maximum fine of $5,000 for each employee an employer misclassifies as an independent contractor. The fines imposed under the statute that Riopelle challenges on appeal were a $100 fine in each case pursuant to section 440.107(5), which authorized a fine of $100 per day "for each day the employer was not in compliance with this chapter,"[2] and two $1,000 fines in each case pursuant to section 440.107(7), which authorized a fine against an employer who has failed to secure workers'-compensation coverage in "an amount equal to at least the amount that the employer would have paid or up to twice the amount the employer would have paid during periods it illegally failed to secure payment of compensation in the preceding 3-year period" or "$1,000, whichever is greater."
*1223 A fine must be grossly disproportionate to the gravity of the offense being punished to violate the excessive-fines clause. See United States v. Bajakajian, 524 U.S. 321, 118 S.Ct. 2028, 2036, 141 L.Ed.2d 314 (1998). A reviewing court should grant substantial deference to the legislature's determination of the appropriate punishment for an offense. Id. at 2037. Riopelle does not provide any argument that shows this court why $2,200 in penalties, as authorized by section 440.107, is disproportionate to her conduct in allowing eight employees to engage in new-home construction without workers'-compensation coverage.
We reject Riopelle's remaining arguments without comment.
AFFIRMED.
ERVIN, PADOVANO and THOMAS, JJ., Concur.
NOTES
[1] Case number 1D04-1347 involved five workers building a home in Tampa on March 27, 2003. Case number 1D04-2908 involved three workers building a home in Riverview on August 8, 2003.
[2] Effective October 1, 2003, after Riopelle's violations herein, the legislature amended this provision, raising the penalty to $1,000 per day. Ch. 2003-412, §§ 13 & 50, at 30 & 111, Laws of Fla. (now at § 440.107(7)(c), Fla. Stat. (2004)).