998 So.2d 1155 (2008)
Kathleen Ann MIULLI, as Personal Representative of the Estate of Matthew Michael Miulli, Deceased, Appellant,
v.
FLORIDA HIGH SCHOOL ATHLETIC ASSOCIATION, INC., and School Board of Hillsborough County, a government entity, Appellees.
No. 2D07-4613.
District Court of Appeal of Florida, Second District.
November 14, 2008.
*1156 Nancy A. Lauten of Vaka, Larson & Johnson, P.L., Tampa, and Matthew E. Noyes of Perenich, Carroll, Perenich, Avril, Caullfield & Noyes, P.A., Clearwater, for Appellant.
Shannon Kain, Irene Porter and Mark Hicks of Hicks & Kneale, P.A., Miami, and James J. Evangelista of Fowler, White, et al., Tampa, for Appellee, Florida High School Athletic Association.
No Appearance for Appellee, School Board of Hillsborough County.
PALMER, WILLIAM D., Associate Judge.
Kathleen Ann Miulli, as Personal Representative of the Estate of Matthew Michael Miulli, appeals the order entered by the trial court dismissing with prejudice her second amended complaint which was filed against Florida High School Athletic Association, Inc. ("FHSAA"). Determining that no private causes of action exist for the claims alleged in Miulli's complaint, we affirm.
Miulli sued FHSAA for her son's wrongful death alleging claims of strict liability, negligence per se, and simple negligence. Her complaint averred that Matthew Miulli was engaged in practice, tryout, workout or other physical activity associated with his high school baseball team when he fell to the ground, lost consciousness, and died. As it pertains to FHSAA, the complaint alleged that, pursuant to section 1006.20(2)(c), Florida Statutes (2005), FHSAA was required to adopt bylaws that required all students to pass a medical evaluation prior to participating in interscholastic athletic competitions, tryouts, workouts, or other physical activity associated with the student's candidacy for an interscholastic athletic team. Further, the complaint alleged that the FHSAA was required to adopt bylaws that prohibited participation in such events until the results of the medical evaluation were received and approved by the school. The complaint alleged FHSAA breached its statutory obligation by passing rule 11.8.1 which only requires medical evaluations for participation "in interscholastic athletic practice or competition" and that, as a result of that breach, Matthew Miulli was permitted to engage "in practice, tryout, workout, or other physical activity" associated with the high school baseball team without first securing a medical evaluation and clearance, which resulted in injury of the type that the statute was designed to prevent. The complaint also alleged that, as a direct and proximate result of FHSAA's failure to adopt the statutorily-mandated bylaws, Matthew Miulli died. Finally, the complaint alleged that FHSAA was negligent in failing to adopt bylaws which were clear and understandable for high school athletic programs in its member schools, and the students who participate in them, and in failing to ensure that the high school athletic programs in those *1157 schools followed the promulgated bylaws relating to physical examinations.
FHSAA moved to dismiss Miulli's complaint on several grounds including the theory that a claim regarding any statutory violation must be remedied through administrative proceedings and is not subject to a private right of enforcement against the FHSAA in the courts. The trial court granted FHSAA's motion and dismissed Miulli's lawsuit with prejudice. This appeal timely followed.
Miulli contends that the trial court erred in dismissing her complaint with prejudice. We disagree. Miulli's second amended complaint was properly dismissed because no private cause of action exists under section 1006.20 of the Florida Statutes (2005) for an alleged failure to enact or enforce a particular bylaw.
No common law duty exists to promulgate laws for the benefit of particular individuals. See Trianon Park Condominium Ass'n, Inc. v. City of Hialeah, 468 So.2d 912 (Fla.1985) (explaining that no common law duty of care exists with regard to how government bodies carry out their functions of enacting and enforcing laws). See also Dep't of Environmental Protection v. Hardy, 907 So.2d 655 (Fla. 5th DCA 2005) (holding that the enactment of laws protecting environmental resources does not create statutory duties); Bovio v. City of Miami Springs, 523 So.2d 1247 (Fla. 3d DCA 1988) (holding that a city's failure to enforce an ordinance relating to placement of vending machines could not serve as predicate for an action for negligence brought by a pedestrian who was struck by the vending machine after it was hit by an automobile).
Section 1006.20 of the Florida Statutes, titled "Athletics in public K-12 schools", provides FHSAA with the exclusive authority to adopt bylaws relating to student participation in interscholastic athletic teams. Nothing in the statute indicates that the Florida Legislature intended to create a private cause of action for individuals based upon the FHSAA's failure to enact or enforce bylaws.
Chapter 1006 of the Florida Statutes, as a whole, contains various regulations regarding the health, safety, and welfare of students. However, the only provision which expressly provides for civil liability is section 1006.24 which imposes tort liability on district school boards for claims arising out of the use of a school bus or other motor vehicle used to transport students. Neither this provision, nor any other, specifically imposes civil liability upon the FHSAA. Under the doctrine of inclusio unius est exclusio alterius, the express authorization to pursue a private right of action for tort claims arising out of school bus accidents demonstrates that the legislature did not intend to provide a private cause of action with regard to other claims arising under the chapter. See Murthy v. N. Sinha Corp., 644 So.2d 983, 986 (Fla. 1994) (stating that, in general, a statute that does not purport to establish civil liability but merely makes provision to secure the safety or welfare of the public as an entity, will not be construed as establishing a civil liability). See also Horowitz v. Plantation General Hospital Limited Partnership, 959 So.2d 176 (Fla.2007) (holding that section 458.320, Florida Statutes, which outlines the financial responsibility requirements for Florida physicians, did not create a cause of action against hospitals for failing to ensure the financial responsibility of their staff-privileged physicians).
Affirmed.
SILBERMAN and LaROSE, JJ., concur.