[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-13809
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
July 13, 2009
THOMAS K. KAHN
CLERK

D.C. Docket No. 08-60124-CV-FAM

ALBERT MOUSTAKIS,
JEANNETTE MOUSTAKIS,

Plaintiffs-Appellants,

versus

CITY OF FORT LAUDERDALE,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(July 13, 2009)

Before BLACK, BARKETT and COX, Circuit Judges.

PER CURIAM:

Albert and Jeannette Moustakis own a house in Fort Lauderdale, Florida. In

1993, their home violated the Fort Lauderdale Code of Ordinances, and the City of

Fort Lauderdale ordered the Moustakises to bring their house into compliance with the Code or pay a fine of $150 per day until the house was brought into compliance. (R.1-1, Ex. A. at 1.) In 2002, the Moustakises still had not brought their house into compliance with the Code, and the City of Fort Lauderdale filed a lien on the house. (*Id.*) In 2008, the Moustakises sued the City of Fort Lauderdale in federal court, alleging that the City had filed a lien of over $700,000 on the house, and that the house was worth only about $200,000. (R.1-1 at 2.) The Moustakises sought to have the lien and underlying fines abolished or reduced on the ground that the lien and fines were excessive under the Florida Constitution and the United States Constitution. (*Id.*)

The City moved to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim, arguing that the fine of $150 per day was not excessive. The district court agreed that the fine was not excessive, and dismissed the claim with prejudice. (R.1-16 at 3-4.) The Moustakises appeal.

The district court correctly noted that, "[t]here is a strong presumption that the amount of a fine is not unconstitutionally excessive if it lies within the range of fines prescribed by the legislature." (R.1-16 at 2.) *See United States v. Bajakajian*, 524 U.S. 321, 336, 118 S. Ct. 2028, 2037 (1998) (holding substantial deference should be given to legislature in determining whether fine is excessive in violation of Eighth

2

Amendment of United States Constitution) (citations omitted); *Riopelle v. Dep't of Fin. Servs., Div. of Workers' Comp.*, 907 So. 2d 1220, 1223 (Fla. 1st DCA 2005) (holding substantial deference should be given to legislature in determining whether fine is excessive in violation of Florida Constitution). In this case, the fine is within the range of fines prescribed by the Florida Legislature. Section 162.09 of the Florida Statues provides that a local government may impose a fine for each day a property is in violation of a local code, provided the fine does not exceed $250 per day for a first violation, and $500 per day for a repeat violation. Fla. Stat. 162.09(1), (2)(a).

The Moustakises argue that we ought not give the legislature any deference in this case, because the legislature did not place any cap on the amount of the fine that could accrue daily. We disagree. Section 162.09(2)(a) of the Florida Statutes clearly provides a cap on the amount of fines that can accrue from daily code violations, but limits the application of the cap to irreparable code violations. Under the statutory construction principle of *inclusio unius est exclusion alterius* ("the inclusion of one is the exclusion of another"), the Florida Legislature's provision for a cap on irreparable code violations is a clear indication that it intentionally omitted a cap for reparable code violations. *See Miulli v. Fla. High Sch. Athletic Ass'n, Inc.*, 998 So. 2d 1155, 1157 (Fla. 2nd DCA 2008) (applying *inclusio unius est exclusio alterius* to Florida Statutes). The $150 per day fine that has accrued for 14 years and now totals

3

$700,000 is within the range of fines prescribed by the Florida Legislature and accordingly is due our substantial deference.

Additionally, the Moustakises argue that the fine in this case is at least as excessive as the fine in *United States v. Bajakajian*, 524 U.S. 321, 118 S. Ct. 2028 (1998), which the Supreme Court held was unconstitutionally excessive. In *Bajakajian*, the Supreme Court held that a fine was excessive under the Eighth Amendment if it was grossly disproportionate to the offense giving rise to the fine. *Id.* at 336-37, 118 S. Ct. at 2037-38. At issue in *Bajakajian* was a forfeiture of $357,144, which occurred when the defendant failed to report that he was carrying more than $10,000 of currency when he was leaving the country. *Id.* at 324-25, 118 S. Ct. at 2031-32. The Supreme Court noted that the single failure to report the currency was the defendant's only offense, and that the maximum penalty under the Sentencing Guidelines for the offense was less than a year in prison and a $5,000 fine. *Id.* at 337-39, 118 S. Ct. at 2038. The Supreme Court therefore held that a $357,144 fine for a single offense of failing to report more than $10,000 of currency was excessive. *Id.* at 339-40, 118 S. Ct. at 2039.

We disagree with the Moustakises that the fine imposed on them is as excessive as the fine (or, more precisely, forfeiture) at issue in *Bajakajian*. In this case, the fine is properly characterized as a $150 per day fine for each day their house was not in

compliance with the Fort Lauderdale Code.[1]  The Moustakises do not allege in their Complaint that a $150 per day fine for violating the Code is excessive, only that the cumulative fine of $700,000, which is more than the value of the house violating the Code, is excessive.  But the $700,000 fine was created by the Moustakises' failure to bring the house into compliance with the Code each day for 14 years.  Rather than being grossly disproportionate to the offense, the $700,000 fine is, literally, directly proportionate to the offense.  The Moustakises have not alleged any facts that demonstrate that the lien and underlying fines are excessive under either the Florida Constitution or the United States Constitution.

Finally, to the extent that the Moustakises argue they should be granted leave to amend their Complaint, they did not seek leave to amend before the district court, and we will not consider any arguments not made before that court.  *See Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002) (en banc) (district court not required to grant leave to amend complaint when plaintiff never moved to amend or requested leave to amend).

---

[1]The Moustakises argue that the court in *Riopelle* held that, when considering whether a fine is excessive, the cumulative fine, and not the amount accumulated per day, must be considered.  We disagree.  While the court in *Riopelle* did consider the cumulative fine in its analysis of whether the fine was excessive under the Florida Constitution, it broke the cumulative fine down into its constituent parts and analyzed whether the fine was grossly disproportionate to all of the conduct that gave rise to it.  907 So. 2d at 1222-23.

The Moustakises' Complaint alleges a fine that falls within a range prescribed by the Florida Legislature. Additionally, the Complaint alleges a fine directly proportionate to the offense committed. The size of the fine is a function of the daily repetition by the Moustakises of the offense over a 14-year period. Accordingly, the Moustakises' Complaint fails to allege a violation of the excessive fines clause of the Florida or United States Constitution, and thus fails to state a claim. We affirm the district court's dismissal with prejudice.[2]

AFFIRMED.

---

[2]The City of Fort Lauderdale also argued in their brief that we should affirm the dismissal with prejudice because the Moustakises' claims are barred by res judicata and collateral estoppel. The City did not assert these defenses before the district court, and the putatively relevant state court proceedings are not part of the record. The City has moved this court to take judicial notice of the state court proceedings so that it can argue the defenses of res judicata and collateral estoppel for the first time on appeal. This motion is DENIED.