FERNANDEZ, KIMBERLY K., Associate Judge.
The City of Venice seeks certiorari review of an order of the circuit court sitting in its appellate capacity which declared a city ordinance unconstitutional as applied to Martha L. Gwynn’s property. At issue before the court was review of the Venice Code Enforcement Board’s order finding that Gwynn’s “nonconforming use” of the property violated the ordinance. We grant the City’s petition because the circuit court departed from the essential requirements of law in determining that the ordinance was unconstitutional as applied.
In 2009, the Venice City Council enacted Ordinance 2009-06 to amend various provi *403 sions in the City’s Land Development Code that control the use of residential property. See City of Venice, Fla., Code of Ordinances, ch. 86, art. V, Div. 3 (2009). The amendments to the code prohibited owners of single-family dwellings in residential neighborhoods from renting their property for short periods of time.[1] See §§ 86 — 81(d), 86-151. According to the ordinance, owners of single-family dwellings may rent their property for a period of less than thirty days only three times in a calendar year unless they had complied with the preexisting use requirements of the ordinance prior to July 14, 2009, the effective date of the ordinance. To have “grandfathered in” short-term rental property, the property owner must have obtained “all of the applicable state and local registrations, licenses and/or permits, including, but not limited to all necessary tax registration and occupational licenses necessary for operation of such rentals.” § 86-570(b) (defining an “[e]xisting legal nonconforming resort dwelling”).
Gwynn purchased her property in 2004 for the purpose of renting it to seasonal visitors. Although she had been notified of the right to do so, Gwynn did not pursue the right to have her vacation rental property grandfathered in by attempting to meet the requirements of the ordinance. After the effective date of the ordinance, she continued to advertise her property as being available for lease for less than thirty days. As a result, the City of Venice Code Enforcement Board sent Gwynn a notice to cease advertising and operating her property as a resort dwelling. The Board then sent Gwynn a Notice of Hearing “concerning unabated violations of the City of Venice code Sec. 86-151, Resort Dwellings.”
At the hearing before the Board, Gwynn’s attorney specifically argued: “The narrow question that I see in terms of what’s before the council this morning is the issue of whether [Gwynn] is in violation. We are not here to discuss the issue of whether the ordinance is valid or not.” Gwynn admitted that she had at least three short-term rentals after the effective date of the ordinance and that she had not obtained the licenses required to be grandfathered in. Her attorney conceded that there had been several short-term rentals after July 14, 2009; however, he argued that because the rental agreements were made before the ordinance went into effect, Gwynn should not be found in violation of the ordinance. Based on the evidence before it, the Board found that Gwynn’s property was “not a legal nonconforming resort dwelling” and that she had violated the ordinance. The Board ordered her to “come into compliance by not renting [the property] for periods of less than thirty (30) days for the remainder of 2009.”[2]
Gwynn appealed the Board’s decision to the circuit court. In her initial brief, Gwynn argued that the ordinance was unconstitutional on its face and unconstitutional as applied to her property because it constituted a governmental “taking” of her property without just corn- *404 pensation.[3] Gwynn argued that the ordinance’s prohibition on short-term rentals substantially interfered with her rightful use of and reasonable expectation for her property without substantial advancement of any legitimate governmental interest. The City responded that although the ordinance interfered with Gwynn’s desire to use her property for short-term rentals, the application of the ordinance to her property did not constitute a compensable taking when other economically viable uses of the property remained.
The circuit court, acting in its appellate capacity, rejected Gwynn’s argument that the ordinance was unconstitutional on its face but held that the ordinance was unconstitutional as applied and could not be enforced against Gwynn’s property.[4] It is from this order that the City seeks second-tier certiorari review in this court. We have jurisdiction. See Fla. R.App. P. 9.030(b)(2)(B).
When reviewing an administrative action, “the circuit court must determine whether procedural due process is accorded, whether the essential requirements of the law have been observed, and whether the administrative findings and judgment are supported by competent substantial evidence.” City of Deerfield Beach v. Vaillant, 419 So.2d 624, 626 (Fla.1982). At the second appellate level, this court’s inquiry is limited to whether the circuit court provided procedural due process and whether it departed from the essential requirements of the law. Allstate Ins. Co. v. Kaklamanos, 843 So.2d 885, 889 (Fla.2003); see also United Auto. Ins. Co. v. Santa Fe Med. Ctr., 21 So.3d 60, 63 (Fla. 3d DCA 2009) (“A departure from the essential requirements of law is equivalent to a failure to apply the correct law.”). The City has not alleged that it was deprived of due process by the circuit court; accordingly, we limit our review to whether the circuit court departed from the essential requirements of the law in finding the ordinance unconstitutional as applied to Gwynn.
A use restriction on real property may constitute a taking “if it has an unduly harsh impact on the owner’s use of the property.” Penn Cent. Transp. Co. v. City of New York, 438 U.S. 104, 127, 98 S.Ct. 2646, 57 L.Ed.2d 631 (1978). When engaging in an analysis of whether a regulation unconstitutionally interferes with a property owner’s rights, a court must consider: (1) the economic impact of the regulation on the property owner; (2) the extent to which the regulation has interfered with distinct investment-backed expectations; and (3) the character of the government invasion. Id. at 124, 98 S.Ct. 2646; see also Shands v. City of Marathon, 999 So.2d 718, 723 (Fla. 3d DCA 2008) (“The standard of proof for an as-applied taking is whether there has been a substantial *405 deprivation of economic use or reasonable investment-backed expectations.”). When considering the issue of economic impact, the court must conduct “a fact-intensive inquiry of the impact of the regulation on the economic viability of the landowner’s property by analyzing permissible uses before and after the enactment of the regulation.” Taylor v. Vill. of N. Palm Beach, 659 So.2d 1167, 1171 n. 1 (Fla. 4th DCA 1995). This includes a comparison of “the value that has been taken from the property with the value that remains in the property.” Leon Cnty. v. Gluesenkamp, 873 So.2d 460, 467 (Fla. 1st DCA 2004). A party challenging the constitutionality of a regulation has the burden to establish that he or she has suffered significant financial loss from the imposition of the regulation. Id. (citing Bass Enters. Prod. Co. v. United States, 54 Fed.Cl. 400, 403 (Fed.Cl.2002)).
In its order, the circuit court concluded that the ordinance had a significant economic impact on Gwynn by restricting the duration and frequency of rental periods and that it interfered with Gwynn’s “expectation that she could rent the property to seasonal visitors.” Although the court noted the factors announced by the Supreme Court in Penn Central, the court’s order failed to apply the economic impact factor. Limited by the record established at the hearing before the Municipal Enforcement Board, the circuit court was hindered in its ability to engage in any meaningful analysis of the value of Gwynn’s property before and after the enactment of the ordinance.[5] In focusing on Gwynn’s denied expectations for the use of her property, the court failed to recognize record evidence that Gwynn’s property had continued value as a monthly rental, as a short-term rental for three periods, or as investment property which could be sold. See Corn v. City of Lauderdale Lakes, 95 F.3d 1066, 1072-73 (11th Cir.1996) (“The standard is not whether the landowner has been denied those uses to which he wants to put his land; it is whether the landowner has been denied all or substantially all economically viable use of his land.”). The circuit court focused on Gwynn’s loss of the potential rentals available before the enactment of the ordinance but did not weigh this loss with the property’s value based on the residual uses after the enactment. By failing to weigh the before and after values of the property, the circuit court did not determine the economic impact of the ordinance on the property owner as required by Penn Central and its progeny; this was a departure from the essential requirements of the law.
Accordingly, we grant the petition, quash the order of the circuit court, and reinstate the order of the Venice Code Enforcement Board.
Petition granted.
DAVIS, J., Concurs.
KHOUZAM, J., Concurs specially.

. Section 86-570(b) defines a “resort dwelling” as
any one, two, three or four-family dwelling unit located in the RE or RSF zoning district which is rented to guests more than three times in a calendar year for periods of less than 30 days or one calendar month, whichever is less, or which is advertised or held out to the public as a place regularly rented to guests for periods of less than 30 days or one calendar month, whichever is less.

. Gwynn was not in violation of the ordinance for rental agreements she had entered into for 2010 because the agreements were for monthly rentals.

. A regulation may be challenged as unconstitutional on its face or unconstitutional as applied. A facial challenge contends that the regulation on its face, as enacted, constitutes a taking. Taylor v. Vill. of N. Palm Beach, 659 So.2d 1167, 1170 (Fla. 4th DCA 1995). An as-applied challenge evaluates the impact of the application of a regulation on a particular parcel of land. Id. at 1170-71.

. Section 162.11, Florida Statutes (2009), authorizes an aggrieved party to appeal a final administrative order to the circuit court. Such an appeal is not “a hearing de novo but shall be limited to appellate review of the record created before the enforcement board.” For appeals under this section, the circuit court is the proper forum to address constitutional claims. Wilson v. Cnty. of Orange, 881 So.2d 625, 632 (Fla. 5th DCA 2004); Kirby v. City of Archer, 790 So.2d 1214, 1215 (Fla. 1st DCA 2001) (citing Holiday Isle Resort & Marina Assocs. v. Monroe Cnty., 582 So.2d 721, 721-22 (Fla. 3d DCA 1991)).

. As the party bearing the burden of showing the ordinance was unconstitutional as applied, Gwynn was required to prove that the market value of her property had decreased or that she had been economically impacted by the enforcement of the ordinance. See Gluesenkamp, 873 So.2d at 467.