[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-11773

_____

JAMES FICKEN,
Trustee, Suncoast First Trust,
SUNCOAST FIRST TRUST,

Plaintiffs-Appellants,

*versus*

CITY OF DUNEDIN, FLORIDA,
DUNEDIN CODE ENFORCEMENT BOARD,
MICHAEL BOWMAN,
in his official capacity as Code Enforcement Board Chairman,
LOWELL SUPLICKI,
in his official capacity as Code Enforcement Board Vice-Chair,
ARLENE GRAHAM,
in her official capacity as a member of the Code Enforcement

Board, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:19-cv-01210-CEH-SPF

_____

Before WILLIAM PRYOR, Chief Judge, LUCK, and ED CARNES, Circuit
Judges.

PER CURIAM:

This appeal concerns whether James Ficken's complaint
about the process afforded to him by the City of Dunedin when it
fined him $500 a day for failing to mow his lawn fails as a matter of
law and whether that fine was unconstitutionally excessive.
Ficken's claims fail because state law provided him adequate pro-
cess and the fine was not unconstitutionally excessive where state
law permitted a fine of up to $500 a day for municipal-ordinance
violations. We affirm the summary judgment in favor of the City.

## I. BACKGROUND

James Ficken repeatedly failed to mow the lawn of his house
in Dunedin, Florida. From 2007 to 2013, he received about a dozen

notices from the City about overgrown grass, but he always mowed it before the compliance deadline. Then he received the two notices that led to this case. The first of those was in 2015. A municipal code enforcement inspector observed the grass and issued a notice to Ficken that he violated an ordinance prohibiting grass exceeding ten inches in height. The notice gave Ficken time to remedy the violation but warned him that if he did not cut his grass by the compliance deadline, he would have a hearing before the Code Enforcement Board.

Ficken did not cut his grass in time, and the inspector sent him notice of the hearing. Ficken tried to excuse his failure to cut his grass earlier and requested an extension of the compliance date, but the inspector rejected his entreaties. The inspector twice informed Ficken that if the Board found a violation of the ordinance, he could receive fines of up to $500-per-day for future, "repeat" violations.

The Board held a hearing and found Ficken's property in violation of the ordinance during the specified time, though it was in compliance at the time of the hearing. Ficken did not attend the hearing. After the hearing, the Board issued a written order finding a violation but did not impose a fine. The order "deem[ed]" the violation "to be of a recurring nature" so that future violations could be subject to a $500-per-day fine.

The order was sent to Ficken by return receipt mail and was posted at the property and at the municipal offices. Ficken later described in a declaration that his "understanding was that, as a

'repeat violator,' the City could technically fine [him] up to $500 per day for another violation." Ficken did not appeal to state court or request rehearing, despite being afforded those opportunities by state law. *See* FLA. STAT. § 162.11.

On July 5, 2018, another inspector observed grass exceeding ten inches in length on Ficken's property. The inspector informed Ficken of the violation on August 20, Ficken mowed his lawn on August 21, and he received an official notice of the "repeat" violation on August 22. The notice of repeat violation included notice of a Board hearing.

The Board held a hearing, and Ficken again did not attend. After considering the evidence, the Board approved two motions. First, the Board imposed a $500-per-day fine for repeat violations between July 5 and August 20. Second, in the light of evidence that the grass at the property exceeded ten inches beginning on August 31, the Board imposed a $500-per-day fine until Ficken cut his grass. The Board issued written orders for both fines, and the property was inspected and deemed to be in compliance as of September 10. The fines totaled $28,500 plus interest.

Ficken requested a rehearing, and the Board denied his request. Ficken did not appeal any order to state court. *See id.* § 162.11.

Ficken failed to pay the fine, and the Board later began foreclosure proceedings on his property. *See id.* § 162.09 Ficken filed a

four-count complaint in a Florida state court on the same day. The City later removed the action to federal district court.

Two federal claims are relevant here. *See* 42 U.S.C. § 1983. First, Ficken alleged that a $500-per-day fine, the aggregate fine, and the ultimate penalty of foreclosure for overgrown grass are facially unconstitutionally excessive and excessive as-applied to him under the Eighth Amendment. Second, Ficken alleged that he was deprived of due process because the "City[] fail[ed] to inform [him] of the consequences of his 'repeat violator' classification and provide him with an opportunity to contest [that] classification before it was applied to him" and because the City "impos[ed] . . . fines against [him] without providing [him] notice that fines were being imposed on an ongoing basis." The other claims alleged violations of the provisions of the Florida Constitution concerning excessive fines and due process.

After considering cross-motions for summary judgment, the district court entered a summary judgment in favor of the City. The district court explained that the federal due-process claim failed because, "even if a deprivation of due process occurred," Florida law "provided Ficken with the opportunity to appeal the Board's orders to" state court, where he could raise the issues that he now raises. The district court explained that Ficken's Eighth Amendment claim failed because the penalty was authorized by a Florida statute, Ficken was within the class of persons at whom the statute was directed, and repeatedly violating the overgrowth ordinance grass was harmful. There was testimony that grass

overgrowth causes harm because it "draw[s] snakes, rats, and other vermin," and it could impact property values and make property appear abandoned. The district court also explained that Ficken's claims under the Florida Constitution failed.

## II. STANDARD OF REVIEW

We review a summary judgment and issues of constitutional law *de novo*. *Burns v. Town of Palm Beach*, 999 F.3d 1317, 1330 (11th Cir. 2021).

## III. DISCUSSION

We divide our discussion in three parts. First, we explain that Ficken's federal due-process claim fails because adequate state process was available to him. Second, we explain that the fine was not excessive under the Eighth Amendment. Third, we explain that Ficken forfeited his claims under the Florida Constitution.

### A. Ficken's Federal Procedural-Due-Process Claim Fails.

"It is well-settled that a constitutional violation is actionable under [section] 1983 'only when the state refuses to provide a process sufficient to remedy the procedural deprivation.'" *Reams v. Irvin*, 561 F.3d 1258, 1266 (11th Cir. 2009) (quoting *McKinney v. Pate*, 20 F.3d 1550, 1557 (11th Cir. 1994) (en banc)). This rule "recognizes that the state must have the opportunity to remedy the procedural failings of its subdivisions and agencies in . . . appropriate fora[,] . . . [like] state courts." *Cotton v. Jackson*, 216 F.3d 1328, 1331 (11th Cir. 2000) (internal quotation marks omitted).

A plaintiff cannot rely on the fact that he "failed to take advantage" of adequate state remedies "to claim that the state deprived him of procedural due process." *Id.*; *accord McKinney*, 20 F.3d at 1565. And we have explained that there is no procedural-due-process violation when state courts would "generally . . . provide an adequate remedy for the procedural deprivation the federal court plaintiff claims to have suffered." *Horton v. Bd. of Cnty. Comm'rs*, 202 F.3d 1297, 1300 (11th Cir. 2000); *see also Reams*, 561 F.3d at 1267; *Cotton*, 216 F.3d at 1331. "The question is thus whether [Florida] provided [Ficken] with the means to present [his]" alleged procedural deprivations "and receive redress from th[ose] deprivation[s]." *Reams*, 561 F.3d at 1266.

Florida law provided Ficken with adequate means to present his alleged due-process violations and "receive redress from th[ose] [procedural] deprivation[s]." *See id.* Section 162.11 provides that any aggrieved party "may appeal a final administrative order of an enforcement board to the circuit court." FLA. STAT. § 162.11. Florida courts have explained that, under section 162.11, a circuit court may "correct[]" "all errors below," including "jurisdictional, procedural, and substantive" errors. *Cent. Fla. Invs., Inc. v. Orange Cnty.*, 295 So. 3d 292, 295 (Fla. 5th Dist. Ct. App. 2019) (internal quotation marks omitted); *see also Kirby v. City of Archer*, 790 So. 2d 1214, 1215 (Fla. 1st Dist. Ct. App. 2001) (explaining that constitutional claims are reviewable on appeal to state court under section 162.11); *Holiday Isle Resort & Marina Assocs. v. Monroe Cnty.*, 582 So. 2d 721, 721–22 (Fla. 3d Dist. Ct. App. 1991); *Ciolli v.*

*Palm Bay*, 59 So. 3d 295, 298 n.5 (Fla. 5th Dist. Ct. App. 2011) (explaining that "[i]t is necessary to fill the procedural gaps in [Chapter 162] by the common-sense application of basic principles of due process" (internal quotation marks omitted)).

Ficken's argument that review by a state court would have been inadequate because it would have been confined to the record before the Board does not cut it. Although Florida law confines review to the record before the Board, *see* FLA. STAT. § 162.11, Ficken could have developed the record by appearing at his hearings. He also could have raised the issue of whether the notice he received was insufficient. *See Cent. Fla. Invs.*, 295 So. 3d at 295 (explaining that "section 162.11 provides for an actual appeal" through which "all errors below may be corrected: jurisdictional, procedural, and substantive" (internal quotation marks omitted)). Ficken's argument that the record did not contain the facts that he wanted attempts to transform his failure "to take advantage" of adequate state procedures to support his claim, which our precedent forecloses. *See Cotton*, 216 F.3d at 1331.

## B. The Fine Was Not Excessive.

Assuming, as the parties do, that the Eighth Amendment governs this fine, we apply a well-established framework to determine whether it is unconstitutionally excessive. That framework generally applies in the forfeiture context. *See United States v. Bajakajian*, 524 U.S. 321, 334 (1998) ("We now hold that a punitive forfeiture violates the Excessive Fines Clause if it is grossly disproportional to the gravity of a defendant's offense."). A fine may be

excessive under the Eighth Amendment if it is "grossly dispropor-tional." *See United States v. Sperrazza*, 804 F.3d 1113, 1127 (11th Cir. 2015) (internal quotation marks omitted). To determine whether a fine is "grossly disproportional," we consider "(1) whether the defendant falls into the class of persons at whom the criminal statute was principally directed; (2) other penalties author-ized by the legislature . . . ; and (3) the harm caused by the defend-ant." *Id.* (internal quotation marks omitted). Because Ficken has as-serted that his fine is grossly disproportional to the offense of re-peatedly violating the overgrowth ordinance, we will apply the *Sperrazza* framework even though there is no criminal defendant and no criminal statute involved here. The second factor is the most important. A fine that falls within the range authorized by the legislature enjoys a "strong presumption of constitutionality." *United States v. Chaplin's, Inc.*, 646 F.3d 846, 852 (11th Cir. 2011) (internal quotation marks omitted).

Ficken cannot overcome the strong presumption of consti-tutionality of his fine. Florida law permits a $500-per-day fine for repeat violations of municipal ordinances, *see* FLA. STAT. § 162.09(2)(a), so Ficken's fine is "almost certainly . . . not exces-sive." *Sperrazza*, 804 F.3d at 1127 (internal quotation marks omit-ted). He is also within the class of persons regulated by the statute because he is a repeat violator of the ordinance prohibiting grass exceeding ten inches. Testimony established that overgrown grass may "draw snakes, rats, and other vermin," and may affect prop-erty values and make property appear abandoned. And even if

under the final factor repeatedly having overgrown grass is not particularly harmful, the fine is not excessive in the light of the other two factors.

### C. Ficken Forfeited his State Claims.

Ficken forfeited his due-process and excessive-fines claims under the Florida Constitution. Ficken's initial brief contains no argument addressing either claim under state law. It mentions them only in passing references, noting that the district court applied the same analysis to his state and federal claims. We have explained many times that "passing references" to claims "buried within" the "main arguments" in a brief are not enough to properly present issues on appeal. *Sapuppo v. Allstate Fla. Ins. Co.*, 739 F.3d 678, 682 (11th Cir. 2014) (internal quotation marks omitted).

### IV. CONCLUSION

We **AFFIRM** the summary judgment in favor of the City.