DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ZENAIDA "SANDY" MARTINEZ,**
Appellant,

v.

**CITY OF LANTANA, FLORIDA,**
Appellee.

No. 4D2024-1187

[April 23, 2025]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Luis Delgado, Judge; L.T. Case No. 50-2021-CA-002564-XXXX-MB.

Ari S. Bargil of Institute For Justice, Miami, and Michael N. Greenberg of Institute For Justice, Arlington, Virginia, for appellant.

Laura K. Wendell, Blayne J. Yudis, and Eric L. Stettin of Weiss Serota Helfman Cole & Bierman, P.L., Coral Gables, for appellee.

CIKLIN, J.

A homeowner failed to pay fines for several code enforcement violations related to her driveway, fence, and parking. The daily fines, ranging from $75 to $250, accumulated over time. When the total exceeded $160,000, the homeowner sued the City of Lantana ("City"), seeking declaratory and injunctive relief and alleging that the code of ordinances and statutory scheme resulting in the fines violated the Florida Constitution's prohibition on excessive fines. She framed the constitutional challenge as facial and as-applied. The trial court granted summary judgment in the City's favor, finding the as-applied challenge was procedurally barred, as the homeowner did not raise the issue during the code enforcement proceedings and did not appeal the resulting orders. Alternatively, the court found no merit in the as-applied challenge, as the fines were not grossly disproportionate to the violations. The court also rejected the facial challenge, finding, among other things, that the homeowner had failed to establish that under no set of circumstances would the ordinance and statute be valid. We affirm.

On appeal, the homeowner first argues that the trial court erred in finding her as-applied challenge procedurally barred. The starting point of this issue is section 162.11, Florida Statutes (2021), which "provides for a plenary appeal to the circuit court as a matter of right from a final administrative order of an enforcement board." *Brevard Cnty. v. Obloy*, 301 So. 3d 1114, 1117 (Fla. 5th DCA 2020) (quoting *Cent. Fla. Invs., Inc. v. Orange Cnty.*, 295 so. 3d 292, 293 (Fla. 5th DCA 2019)).

Our courts have recognized that constitutional challenges to code enforcement ordinances/procedure may be raised in appeals of the order imposing the fine to the circuit court. *See Wilson v. Cnty. of Orange*, 881 So. 2d 625, 632 (Fla. 5th DCA 2004) (observing that section 162.11 "provides for an appeal of [code enforcement board] final orders, which has been held to be the proper forum to address constitutional claims," and holding that appellants "could have raised their constitutional challenges on appeal to the circuit court"); *Kirby v. City of Archer*, 790 So. 2d 1214, 1215 (Fla. 1st DCA 2001) (holding that a constitutional challenge to a code enforcement lien is "properly cognizable on an appeal to the circuit court from a final order of an enforcement board taken pursuant to section 162.11, Florida Statutes" (quoting *Holiday Isle Resort & Marina Assocs. v. Monroe Cnty.*, 582 So. 2d 721, 721-22 (Fla. 3d DCA 1991)).

While the failure to raise a facial constitutional challenge in the code enforcement proceeding or an appeal from that proceeding does not act as a bar to relief, the same cannot be said for as-applied challenges. To preserve such a challenge, the claim must first be raised in an appeal to the circuit court pursuant to section 162.11. *See DJB Rentals, LLC v. City of Largo*, 373 So. 3d 405, 414 (Fla. 2d DCA 2023) (holding that DJB's as-applied challenge to code enforcement fines as contrary to the Excessive Fines Clause of the Florida Constitution was waived when DJB failed "to appeal from the City's order that provided a single daily fine for multiple violations within thirty days from the date that order was executed"); *Ricketts v. Vill. of Miami Shores*, 232 So. 3d 1095, 1097 (Fla. 3d DCA 2017) (holding that where the appellants voluntarily dismissed their appeal to the circuit court of a final code enforcement order, they were barred from bringing a suit raising an as-applied challenge to the relevant statute); *Kirby*, 790 So. 2d at 1215 (holding that the plaintiff's "as applied constitutional challenge may not be raised for the first time in the foreclosure action," as such claims "are properly cognizable on an appeal to the circuit court from a final order of an enforcement board taken pursuant to section 162.11, Florida Statutes" (quoting *Holiday Isle Resort & Marina Assocs.*, 582 So. 2d at 721-22)).

The homeowner relies heavily on the Florida Supreme Court opinion in *Key Haven Associated Enterprises, Inc. v. Board of Trustees of the Internal Improvement Trust Fund*, 427 So. 2d 153 (Fla. 1982), for the proposition that her suit was not procedurally barred and that an as-applied constitutional challenge related to code enforcement proceedings may be raised for the first time in a suit brought in circuit court. There, the supreme court held that "[i]n the particular circumstances" of the inverse condemnation case before it, "where the agency is implementing a statute which, by its terms, properly allows a total taking of private property, direct review in the district court of the agency action may be eliminated and the proceedings properly commenced in circuit court, if the aggrieved party is willing to accept all actions by the executive branch as correct both as to the constitutionality of the statute implemented and as to the propriety of the agency proceedings." *Id.* at 159. In that event, the aggrieved party may "file suit in circuit court on the basis that denial [of a permit] was proper but resulted in an unconstitutional taking of the party's property." *Id.* at 160.

To the extent the supreme court's narrow holding in *Key Haven* extends to cases outside the inverse condemnation universe, this case is distinguishable. Here, the homeowner is not alleging that the laws are fair and that the City acted fairly, but that the outcome of the fair law and fair procedure nevertheless resulted in a violation of her constitutional rights. Rather, she challenged the facial validity of the laws and characterized the City's code enforcement scheme as "abusive."

As to the homeowner's second argument on appeal, she contends that the trial court erred in finding the fines are not grossly disproportionate to the violations. "Well-settled Florida decisional authority provides that a statutorily authorized civil fine will not be deemed so excessive as to be cruel or unusual unless it is so great as to shock the conscience of reasonable men or is patently and unreasonably harsh or oppressive." *State v. Cotton*, 198 So. 3d 737, 741-42 (Fla. 2d DCA 2016) (quoting *Locklear v. Fla. Fish & Wildlife Conservation Comm'n*, 886 So. 2d 326, 329 (Fla. 5th DCA 2004)). "A fine must be grossly disproportionate to the gravity of the offense being punished to violate the excessive-fines clause." *Riopelle v. Dep't of Fin. Servs.*, 907 So. 2d 1220, 1223 (Fla. 1st DCA 2005). "A reviewing court should grant substantial deference to the legislature's determination of the appropriate punishment for an offense." *Id.*

Indeed, our courts have elaborated—albeit in the context of fines imposed in criminal cases—on the "grossly disproportional" analysis: "To determine whether a fine is grossly disproportional, a court considers: '(1) whether the defendant falls into the class of persons at whom the criminal

statute was principally directed; (2) other penalties authorized by the legislature . . . ; and (3) the harm caused by the defendant.'" *State v. Jones*, 180 So. 3d 1085, 1089 (Fla. 4th DCA 2015) (alteration in original) (quoting *Gordon v. State*, 139 So. 3d 958, 960 (Fla. 2d DCA 2014)). This test has been applied in code enforcement cases. *See, e.g., Ficken v. City of Dunedin*, No. 21-11773, 2022 WL 2734429, at *3 (11th Cir. July 14, 2022). The trial court here considered these factors and we find no error in its findings.

Additionally, we reject the homeowner's focus on the total amount of the fines. For purposes of the grossly disproportionate analysis, the focus is on the fines' per diem amount. *See Moustakis v. City of Fort Lauderdale*, 338 Fed. Appx. 820, 822 (11th Cir. 2009) (holding that an aggregate fine of $700,000 for code enforcement violations related to property worth about $200,000, which accrued based on daily fines assessed over 14 years, was, "literally, directly proportionate to the offense"). The trial court did not err in finding the fines were not grossly disproportionate to the violations.

Accordingly, we find that the homeowner failed to preserve her as-applied challenge when she did not appeal the code enforcement orders to the circuit court. Still, the trial court considered the as-applied challenge's merits, and it did not err in finding the fines were not grossly disproportionate to the violations.

*Affirmed.*

GROSS and KUNTZ, JJ., concur.

*       *       *

***Not final until disposition of timely filed motion for rehearing.***