457 So.2d 1374 (1984)
Randy MILLER, Executive Director, Department of Revenue, State of Florida, et al., Appellants,
v.
PUBLICKER INDUSTRIES, INC., and Publicker Chemical Corporation, et al., Appellees.
No. 65839.
Supreme Court of Florida.
October 11, 1984.
*1375 Jim Smith, Atty. Gen., and Joseph C. Mellichamp, III and Linda Lettera, Asst. Attys. Gen., Tallahassee, for appellants.
Stephen C. O'Connell and W. Crit Smith of Cason & Henderson, Tallahassee, and Skadden, Arps, Slate, Meagher & Flom, New York City, for Publicker Industries, Inc. and Publicker Chemical Corp.
Douglas L. Stowell and Mary K. Kraemer of Mang & Stowell, Tallahassee, for Juan Granados.
Robert M. Ervin, Thomas M. Ervin, Jr. and Melissa Fletcher Allaman of Ervin, Varn, Jacobs, Odom & Kitchen, Tallahassee, and Eugene T. Rossides of Rogers & Wells, Washington, D.C., for Internoor Trade, Inc.
Kenneth R. Hart and Steven J. Uhlfelder of Ausley, McMullen, McGehee, Carothers & Proctor, Tallahassee, and Aubrey M. Daniel, III, John K. Villa and Stephen L. Urbanczyk of Williams & Connolly, Washington, D.C., amicus curiae for National Corn Growers Ass'n.
McDONALD, Justice.
This case is before us on certification by the First District Court of Appeal that a trial court judgment involving issues of great public importance requires our immediate resolution. We have jurisdiction. Art. V, § 3(b)(5), Fla. Const.
Publicker and other brokers and importers of Brazilian ethyl alcohol brought actions in the circuit court of Leon County challenging the constitutionality of chapter 84-353, Laws of Florida. Chapter 84-353 limits the four-cent-a-gallon tax exemption granted gasohol[*] by section 212.63, Florida Statutes (1983), to gasohol containing "ethyl alcohol which is distilled from U.S. agricultural products or byproducts" only. The trial court, after consolidating the cases and holding an expedited final hearing, found that Publicker had standing to challenge chapter 84-353 and that chapter 84-353 violated both the import-export clause and the commerce clause of the United States Constitution. The final judgment struck the language in chapter 84-353 which limits the gasohol tax exemption to gasohol made from domestic alcohol and permanently enjoined Miller from collecting the tax on gasohol containing foreign source alcohol. Miller appealed and the district court certified the case to us for immediate resolution. We affirm.
On the threshold issue of standing Miller argues that Publicker may not challenge the constitutionality of this taxing statute because Publicker neither pays nor collects the tax. Thus, the effect of the tax on Publicker's business is indirect and cannot confer standing. We cannot agree with such a restrictive view of standing. A party may challenge the constitutionality of a statute after showing that enforcement of the statute will injuriously affect the plaintiff's personal or property rights. The standing of a particular plaintiff is a question of fact for the trial court. Lykes Brothers, Inc. v. Board of Commissioners of Everglades Drainage District, 41 So.2d 898 (Fla. 1949).
In the present case Publicker presented evidence that, due to removal of the exemption on gasohol with foreign source alcohol, blender/distributors of gasohol in Florida either will not purchase or will require a substantial reduction in price before purchasing foreign ethyl alcohol. Publicker demonstrated the devastating effect this statute has had on its business. It must continue to pay fixed expenses while unable to sell its alcohol in Florida at an economically viable price. The direct, adverse effect of chapter 84-353 on Publicker is obvious. The legislature may not protect a tax statute from constitutional review merely by ensuring that someone other than the party whose business is adversely *1376 affected must pay the tax. Miller failed to show that foreign alcohol producers will reduce their prices after losing the tax exemption. We therefore agree with the trial court's finding that Publicker had standing to challenge chapter 84-353.
Miller also claims that the trial court erred in holding that chapter 84-353 violates the import-export clause of the United States Constitution. Miller argues that the tax at issue does not constitute an impost on an import because the tax is levied on gasohol as a motor fuel, not on the imported ethyl alcohol itself. In his view the foreign ethyl alcohol loses its distinctive import status once blended into gasohol and becomes a domestic product subject to taxation. We cannot accept this argument as it relates to the discriminatory tax at issue here.
The import-export clause, article I, section 10, clause 2 of the United States Constitution, prohibits the states from imposing "any Imposts or Duties on Imports or Exports, except what may be absolutely necessary for executing its inspection Laws." In Low v. Austin, 13 Wall 29, 80 U.S. 29, 20 L.Ed. 517 (1872), the Supreme Court interpreted the import-export clause to prohibit the states from imposing nondiscriminatory ad valorem property taxes on imported products until those products lost their import character. Low stood for over a hundred years until being overruled by Michelin Tire Corp. v. Wages, 423 U.S. 276, 96 S.Ct. 535, 46 L.Ed.2d 495 (1976). Michelin shifted the analysis from whether the imported goods still retained their import character to whether the tax complained of was an impost or duty. The nondiscriminatory ad valorem property tax imposed by Georgia on Michelin's imported tires and tubes warehoused in Georgia did not affect federal regulation of foreign commerce or federal import revenues. A nondiscriminatory property tax
does not fall on imports as such because of their place of origin. It cannot be used to create special protective tariffs or particular preferences for certain domestic goods, and it cannot be applied selectively to encourage or discourage any importation in a manner inconsistent with federal regulation.
Id. at 286, 96 S.Ct. at 541.
The tax at issue is contrary to the reasoning set out above. Unlike the nondiscriminatory property tax approved in Michelin, the tax exemption in chapter 84-353 excludes from its benefits only gasohol containing foreign source ethyl alcohol. This constitutes discriminatory taxation based upon the foreign origin of a product in violation of the import-export clause. Although Publicker has no right to import its alcohol free of all state taxation, it has the right to do so free from discriminatory state taxation. We agree with the trial court's finding of unconstitutionality on this issue.
Miller argues finally that the trial court erred in holding that chapter 84-353 violates the commerce clause of the United States Constitution. He contends that the tax at issue does not impose an impermissible burden on foreign commerce. We agree that "interstate commerce must bear its fair share of the state tax burden." Department of Revenue of Washington v. Association of Washington Stevedoring Cos., 435 U.S. 734, 750, 98 S.Ct. 1388, 1399, 55 L.Ed.2d 682 (1978). The commerce clause does, however, require "substantially evenhanded treatment." Boston Stock Exchange v. State Tax Commission, 429 U.S. 318, 332, 97 S.Ct. 599, 603, 50 L.Ed.2d 514 (1977). A state tax must not be discriminatory, Complete Auto Transit, Inc. v. Brady, 430 U.S. 274, 97 S.Ct. 1076, 51 L.Ed.2d 326 (1977), and the prohibition on discriminatory taxation of interstate commerce extends to foreign commerce as well as domestic. Japan Line, Ltd. v. County of Los Angeles, 441 U.S. 434, 99 S.Ct. 1813, 60 L.Ed.2d 336 (1979). We conclude that the tax exemption limitation of chapter 84-353 facially discriminates against foreign commerce in alcohol used to produce gasohol and that the trial court properly declared it unconstitutional.
Accordingly, we affirm the final judgment declaring chapter 84-353 unconstitutional *1377 and permanently enjoining Miller from collecting that portion of the motor fuel tax from gasohol containing foreign source alcohol otherwise exempt under section 212.63, Florida Statutes (1983).
It is so ordered.
BOYD, C.J., and ADKINS, OVERTON, ALDERMAN, EHRLICH and SHAW, JJ., concur.
NOTES
[*] Gasohol is a motor fuel containing a minimum 10% blend of 99% pure ethyl alcohol. § 212.63, Fla. Stat. (1983).