Honorable Bob Bullock Comptroller of Public Accounts L.B.J. State Office Bldg. Austin, Texas 78774
Re: Whether foreign-produced or foreign-acquired alcohol qualifies for a credit claimed by a distributor on a gasoline/alcohol mixture under section 153.123 of the Tax Code and related questions (RQ-1509)
Dear Mr. Bullock:
Chapter 153 of the Tax Code governs state taxes on motor fuels; subchapter B of chapter 153 sets forth the provisions regarding the tax on gasoline. Section 153.123 of the code confers a tax credit on distributors of certain gasoline/alcohol mixtures, as defined in the section, and contains a reciprocity provision, which denies the tax credit to distributors of gasoline/alcohol mixtures containing alcohol fermented or distilled in states not conferring equivalent tax benefits to distributors whose mixtures contain Texas-produced alcohol.
First, you ask about the proper construction of section 153.123, specifically whether your long-standing construction of subsection (b) is correct, which denies the credit to distributors of gasoline/alcohol mixtures whose alcohol is fermented or distilled in foreign countries. Second, you ask whether the reciprocity provision set out in subsection (b)(4) of the section is constitutional under the rule of the recent United States Supreme Court decision, New Energy Co. of Indiana v. Limbach, Tax Comm'r of Ohio, 108 S.Ct. 1803 (1988) [hereinafter New Energy].
We conclude that a court addressing this issue would follow the rule in New Energy and would hold that the reciprocity provision set forth in subsection (b)(4) of section 153.123 violates the interstate commerce clause of the United States Constitution. Because of our answer to your second question, we need not address your first question.
Subsection (a) of section 153.123 of the Tax Code permits the granting of a tax credit to distributors of every gasoline and alcohol mixture that meets the specifications of subsection (e), except as provided in subsection (b). Subsection (b)(4) sets forth a reciprocity clause, limiting the grant of such tax credits to distributors of a mixture containing alcohol fermented or distilled "in another state" that itself provides an equivalent tax benefit for mixtures containing alcohol fermented or distilled in Texas. Subsection (b)(4) of section 153.123 of the Tax Code provides the following:
 (4) Except as provided in this subdivision, no mixture that contains alcohol that was fermented or distilled in another state is eligible for a credit on its first sale or use in the state. If the comptroller certifies that another state provides an exemption from that state's taxes applicable to gasoline or a credit or refund for taxes collected or an amount in lieu of taxes collected on a mixture of gasoline and alcohol, and if the other state's exemption, credit, or refund allowance applies to a mixture that includes alcohol fermented or distilled in Texas, and if the alcohol fermented or distilled in the other state meets the specifications provided by Subdivisions (1), (2), and (3) of Subsection (e) of this section, then the specifications for the mixture for which credits shall be made shall include . . . alcohol fermented and distilled in the other state or in Texas and the other state. However, if a mixture of alcohol fermented or distilled in another state and gasoline qualifies under this subsection for a credit, the amount of the credit under this section for the mixture may not exceed the amount of the exemption, credit, or refund (stated in or converted to cents for each gallon of the mixture) provided by the state in which the alcohol was fermented or distilled. (Emphasis added.)
You ask:
 Does Texas Tax Code Section 153.123(b)(4) violate the Commerce Clause of the Constitution of the United States?
We answer your question in the affirmative.
This year, in a case involving a state ethanol tax credit statute containing a reciprocity provision substantively identical to that contained in subsection 153.123(b)(4) of the Tax Code, the United States Supreme Court held that an Ohio ethanol tax credit provision violated the interstate commerce clause of the United States Constitution and was therefore unconstitutional.
In New Energy, the following reciprocity provision, which was set forth in an Ohio tax statute conferring tax benefits in certain circumstances, was challenged:
 The qualified fuel otherwise eligible for the qualified fuel credit shall not contain ethanol produced outside Ohio unless the tax commissioner determines that the fuel claimed to be eligible for credit contains ethanol produced in a state that also grants an exemption, credit or refund from such state's motor vehicle fuel excise tax or sales tax for similar fuel containing ethanol produced in Ohio; provided however, that such credit shall not exceed the amount of the credit allowable for qualified fuel containing ethanol produced in Ohio.
OHIO REV. CODE ANN. § 5735.145(B) (1987).
The Court concluded that the Ohio statute violated the interstate commerce clause of the U.S. Constitution:
 It has long been accepted that the Commerce Clause not only grants Congress the authority to regulate commerce among the States, but also directly limits the power of the States to discriminate against interstate commerce. This "negative" aspect of the Commerce Clause prohibits economic protectionism — that is, regulatory measures designed to benefit in-state economic interests by burdening out-of-state competitors. Thus, state statutes that clearly discriminate against interstate commerce are routinely struck down, unless the discrimination is demonstrably justified by a valid factor unrelated to economic protectionism. (Citations omitted.)
New Energy, supra at 1807. The Court concluded that there was no such valid factor in this instance:
 Our cases leave open the possibility that a State may validate a statute that discriminates against interstate commerce by showing that it advances a legitimate local purpose that cannot be adequately served by reasonable nondiscriminatory alternatives. This is perhaps just another way of saying that what may appear to be a "discriminatory" provision in the constitutionally prohibited sense — that is, a protectionist enactment — may on closer analysis not be so. However it be put, the standards for such justification are high.[1]
Id. at 1810. The United States Supreme Court decision in New Energy was both anticipated, see, e.g., Miller v. Publisher Indus., Inc., 457 So.2d 1374 (Fla. 1984); Archer Daniels Midland Co. v. State ex rel. Allen, 315 N.W.2d 597 (Minn. 1982), and, of course, has been followed. See, e.g., Russell Stewart Oil Co. v. State of Illinois, 529 N.E.2d 484 (Ill. 1988).
We conclude that, on the basis of New Energy, a court presented with the issue would conclude that the Texas reciprocity provision of subsection (b)(4) of section 153.123 of the Tax Code unconstitutionally violates the interstate commerce clause of the United States Constitution. Because of a 1983 amendment including a specific non-severability provision which has the effect of invalidating the entire statute if any part thereof is declared unconstitutional,[2] we need not address your first question.
 SUMMARY
Under the rule set out in New Energy Co. of Ind. v. Limbach,108 S.Ct. 1803 (1988), we conclude that a court would hold that the tax credit reciprocity provision set forth in subsection (b)(4) of section 153.123, Tax Code, violates the interstate commerce clause of the United States Constitution and is unconstitutional.
Very truly yours,
 Jim Mattox Attorney General of Texas
 Mary Keller First Assistant Attorney General
 Lou McCreary Executive Assistant Attorney General
 Judge Zollie Steakley Special Assistant Attorney General
 Rick Gilpin Chairman, Opinion Committee
 Prepared by Jim Moellinger Assistant Attorney General
[1] The Court relied upon two fairly recent cases as precedent: Philadelphia v. New Jersey, 437 U.S. 617, 624 (1978) ("[W]here simple economic protectionism is effected by state legislation, a virtually per se rule of invalidity has been erected.") and Hughes v. Oklahoma, 441 U.S. 322, 337 (1979) ("[F]acial discrimination by itself may be a fatal defect [and] [a]t a minimum . . . invokes the strictest scrutiny.")
[2] Subsection (b)(5) of section 153.123 declares:
 The provisions of Section 153.123, Tax Code, are not severable. If any portion of Section 153.123, Tax Code, is held to be unlawful or unconstitutional, the entire section shall have no force and effect.
Acts 1983, 68th Leg., ch. 287, § 1, at 1425. A close reading of the statutory supplement to Volume 2 of the Tax Code published by West Publishing Company would lead one to assume that subsection (b)(5) was impliedly repealed by the 1987 amendments to the section. However, such was not the case. The specific nonseverability provision in section 153.123 was included as subdivision (5) of subsection (b) in 1983. Acts 1983, 68th Leg., ch. 287, § 1, at 1428. Subsection (b) was next amended in 1987, when Senate Bill No. 522 amended subdivisions (1) through (4) of that subsection. However, subdivision (5) was not amended; it remains unchanged from its original enactment. Acts 1987, 70th Leg., ch. 552, § 2, at 2216. If the language introducing the 1987 amendatory provisions had read: "Subsection (b), Section 153.123, Tax Code, as amended, is amended to read . . .," we would agree with the editors of West Publishing Company that the 1987 amendment to subsection (b) effectively replaced the entire subsection. Instead, the language reads: "Subdivisions (1), (2), (3), and (4), Subsection (b), Section 153.123, Tax Code, as amended, are amended to read. . . ." We have found nothing in the legislative history of the 1987 amendment indicating that the legislature intended to repeal subdivision (5) of subsection (b).