988 So.2d 56 (2008)
Marcus and Patricia OGBORN, on behalf of themselves and others similarly situated, Appellants,
v.
Jim ZINGALE, acting in his official capacity as the Director of the Florida Department of Revenue, Appellee.
No. 1D07-1831.
District Court of Appeal of Florida, First District.
July 11, 2008.
*57 Richard J. Lantinberg of Cooper, Ridge & Lantinberg, P.A., Jacksonville, Stacy Barnett of The Barnett Law Firm, P.C., Canton, Georgia, and Michael J. Korn and Mary C. Coxe of Korn & Zehmer, P.A., Jacksonville, for Appellants.
Bill McCollum, Attorney General, Joseph C. Mellichamp, III, Special Counsel, Jarrell L. Murchison, Kacee Widener, and J. Clifton Cox, Assistant Attorneys General, Tallahassee.
Charles F. Dudley, Tallahassee, for Amicus Curiae Florida Cable Telecommunications Association.
DAVIS, J.
Appellants, Marcus and Patricia Ogborn, appeal the Final Judgment dismissing their case against Appellee, Jim Zingale, acting in his official capacity as the Director of the Florida Department of Revenue ("Department"), with prejudice. Appellants contend that the trial court erred in characterizing their facial constitutional challenge as an as-applied constitutional challenge and consequently dismissing their case as untimely pursuant to section 202.23, Florida Statutes (2004). We agree and, therefore, reverse the Final Judgment and remand for further proceedings.
Prior to filing suit against Appellee, Appellants, satellite television subscribers, sought a refund of sales taxes from their satellite company. The Department, to whom the satellite company forwarded Appellants' refund request, denied the request. Approximately 190 days later, Appellants filed suit against Appellee. In their amended class action complaint, Appellants alleged that the Communications Services Tax statute, section 202.12, Florida Statutes, was facially unconstitutional under the United States Commerce Clause to the extent that it imposes a sales tax on satellite television service, an out-of-state service, in an amount greater than that imposed on cable television service, an in-state *58 service.[1] Asserting that Appellants' challenge was an as-applied challenge and that they failed to timely file their lawsuit within 180 days of receiving notice that their refund request had been denied, Appellee moved to dismiss the amended class action complaint. The trial court granted Appellee's motion, agreeing that Appellants' challenge was an as-applied challenge and determining that, as a result, their action was time-barred pursuant to section 202.23. This appeal followed.
When presented with a motion to dismiss, a trial court is required to treat the factual allegations as true and to consider the allegations in the light most favorable to the plaintiff. Siegle v. Progressive Consumers Ins. Co., 819 So.2d 732, 734-35 (Fla.2002). We review a trial court's order granting a motion to dismiss de novo. Fullerton v. Fla. Med. Ass'n, 938 So.2d 587, 590 (Fla. 1st DCA 2006).
Importantly, Appellants acknowledged below that dismissal of their case would be appropriate if their constitutional challenge were treated as an as-applied challenge because they filed their case more than 180 days after they received notice of the denial of their refund request. Similarly, Appellee has acknowledged that a refund request would be unnecessary if Appellants' constitutional challenge were treated as a facial challenge. See § 202.23(2), Fla. Stat. (2004) (providing that an action that arises as a result of the claimed collection of communications services taxes that were not due is barred unless it is commenced within 180 days following the date of the dealer's written response to a refund request); see also Sarnoff v. Fla. Dep't of Highway Safety & Motor Vehicles, 825 So.2d 351, 357 (Fla. 2002) (holding that the exception to the requirement that administrative remedies in a tax case be exhausted is available only when a taxpayer is seeking a refund pursuant to section 215.26, Florida Statutes, and the sole basis claimed for the refund is that the statute imposing the tax or fee is facially unconstitutional).[2] Thus, the only issue to be decided on appeal is whether the trial court erred in characterizing Appellants' challenge as an as-applied challenge.[3]
As we have observed:

*59 A facial challenge to a statute is more difficult than an "as applied" challenge because the challenger must establish that no set of circumstances exists under which the statute would be valid. Except in a First Amendment challenge, the fact that the act might operate unconstitutionally in some hypothetical circumstance is insufficient to render it unconstitutional on its face; such a challenge must fail unless no set of circumstances exists in which the statute can be constitutionally applied. A facial challenge considers only the text of the statute, not its application to a particular set of circumstances, and the challenger must demonstrate that the statute's provisions pose a present total and fatal conflict with applicable constitutional standards.
Cashatt v. State, 873 So.2d 430, 434 (Fla. 1st DCA 2004).
In looking at the four corners of Appellants' amended class action complaint, Appellants did not allege that the higher sales tax on satellite television service is unconstitutional only in their particular set of circumstances. Rather, they alleged that the higher sales tax, on its face, is unconstitutional in every instance of satellite television service in Florida. Contrary to the trial court's ruling, Appellants' challenge is facial in nature. See Or. Waste Sys., Inc. v. Dep't of Envtl. Quality of the State of Or., 511 U.S. 93, 99, 114 S.Ct. 1345, 128 L.Ed.2d 13 (1994) (holding that a $2.25 per ton surcharge on out-of-state waste disposed of in Oregon was discriminatory on its face because it subjected out-of-state waste to a fee almost three times greater than the $0.85 per ton charge imposed on in-state waste); Fla. Dep't of Revenue v. City of Gainesville, 918 So.2d 250, 255-56 (Fla.2005) (noting that the appellee filed suit seeking a declaration that the portions of chapter 97-197 imposing a tax obligation on its telecommunications facilities were unconstitutional and characterizing the challenge as a facial challenge); Sarnoff, 825 So.2d at 354 (characterizing the challenges presented in Department of Revenue v. Nemeth, 733 So.2d 970 (Fla.1999), and Department of Revenue v. Kuhnlein, 646 So.2d 717 (Fla. 1994), as facial and noting that the challenges addressed a $295 impact fee on cars purchased or titled in other states that were then registered in Florida by persons having or establishing permanent residency in Florida); Miller v. Publicker Indus., Inc., 457 So.2d 1374, 1375-76 (Fla.1984) (noting that the appellees challenged the constitutionality of chapter 84-353, which limited the four-cent-a-gallon tax exemption granted gasohol to gasohol containing ethyl alcohol that was distilled from U.S. agricultural products or byproducts, and affirming the judgment declaring the law unconstitutional because the exemption facially discriminated against foreign commerce).
Accordingly, we REVERSE the Final Judgment and REMAND the case for further proceedings.
VAN NORTWICK and POLSTON, JJ., concur.
NOTES
[1] Section 202.12 is entitled "Sales of communications services" and provides in part:

The Legislature finds that every person who engages in the business of selling communications services at retail in this state is exercising a taxable privilege. It is the intent of the Legislature that the tax imposed by chapter 203 be administered as provided in this chapter.
(1) For the exercise of such privilege, a tax is levied on each taxable transaction, and the tax is due and payable as follows:
(a) Except as otherwise provided in this subsection, at a rate of 6.8 percent applied to the sales price of the communications service which:
1. Originates and terminates in this state, or
2. Originates or terminates in this state and is charged to a service address in this state,
when sold at retail, computed on each taxable sale for the purpose of remitting the tax due....
....
(c) At the rate of 10.8 percent on the retail sales price of any direct-to-home satellite service received in this state.
(Emphasis added).
[2] Section 215.26 is the general provision for repayment of funds paid into the State Treasury. The trial court relied on the statute in part in support of its determination that section 202.23 is a jurisdictional non-claim statute. Appellants make no argument on appeal that that reliance was misplaced.
[3] To the extent that any language in the trial court's order granting Appellee's motion to dismiss could be construed to mean that a refund request is also necessary before a facial constitutional challenge can be brought, any such construction is erroneous.