ON MOTIONS FOR REHEARING, CLARIFICATION AND CERTIFICATION

ORFINGER, J.
We grant the City of Maitland’s motions for rehearing and clarification, withdraw our previous opinion, and substitute the following in its place. We deny the City’s motion for certification.
Lena G. Agresta, the Personal Representative of the Estate of Joseph Farley,[1] challenges the forfeiture of a parcel of real property on constitutional grounds. Agresta argues that the forfeiture violates the Excessive Fines Clause of the Eighth Amendment to the United States Constitution. We agree and reverse.
Farley was convicted of cultivating cannabis, stealing electricity, and misdemeanor possession of cannabis, all of which occurred in his home. The City brought this civil forfeiture proceeding against the home implicated in the underlying marijuana operation pursuant to the Florida Contraband Forfeiture Act (the “Act”).[2] The court granted final summary judgment in favor of the City, finding that the property was both an instrumentality of the crime and that forfeiture was proportional to the offenses for which the owner was convicted. Agresta does not challenge the trial court’s findings on the instrumentality test. Therefore, we do not address that issue. Rather, Agresta’s sole challenge is on the issue of proportionality. We review the trial court’s legal conclusion regarding the forfeiture de novo. See United States v. Browne, 505 F.3d 1229, 1278 (11th Cir.2007); In re Forfeiture of Seven Thousand and 00/100 Dollars ($7000.00) U.S. Currency, 942 So.2d 1039, 1042 (Fla. 2d DCA 2006).
The United States Supreme Court has held that the Excessive Fines Clause of the Eighth Amendment applies to forfeitures under 21 U.S.C. § 881(a)(4). Austin v. United States, 509 U.S. 602, 113 S.Ct. 2801, 125 L.Ed.2d 488 (1993). Because provisions of the Act are similar to the provision of 21 U.S.C. § 881(a)(4), the Austin analysis applies. E.g., In re Forfeiture of 1990 Chevrolet Blazer, 684 So.2d 197, 198 (Fla. 2d DCA 1996); In re One 1992 Dodge Intrepid, 645 So.2d 551, 551-52 (Fla. 2d DCA 1994).
To determine if a forfeiture is proportional, the Eleventh Circuit Court of Appeals, like most federal courts, has noted that courts must ask: “Given the offense for which the owner is being punished, is the fine[3] (imposed by civil forfeiture) excessive?” United States v. J)27 & m Hall Street, 74 F.3d 1165, 1172 (11th Cir.1996). In answering this question, the Eleventh Circuit identified three factors in evaluating whether the forfeiture is excessive. The factors are “(1) whether the defendant falls into the class of persons at whom the criminal statute was principally directed; (2) other penalties authorized by the legislature ...; and (3) the harm caused by the defendant.” Browne, 505 F.3d at 1281.
*878 Applying those factors to the instant facts leads us to conclude that, the forfeiture is excessive. Farley clearly fell within the class of persons at whom the Act was principally directed. Based on the charges of which he was convicted, Farley faced an eleven-year maximum penalty and an $11,000 maximum fine. The value of the home sought to be forfeited was between $238,000 and $295,000. There was no evidence that Farley caused harm beyond his commission of the offenses underlying his convictions.[4] The Eleventh Circuit has recognized the difficulty of putting a monetary value on the gravity of the offense and has suggested that a consideration of the fines approved by the legislature indicates the monetary value society places on the harmful conduct. See United States v. 817 N.E. 29th Drive, 175 F.3d 1304, 1309-10 (11th Cir.1999) (holding if value of forfeited property is within range of fines prescribed by Congress, strong presumption arises that forfeiture is constitutional, and not excessive).
While there appears to be no bright-line rule, looking primarily at the maximum fines Farley faced, we find the forfeiture in this case violates the Excessive Fines Clause and reverse. On remand, the trial court shall conduct further proceedings to establish a forfeiture amount that does not violate the Excessive Fines Clause of the Eighth Amendment to the United States Constitution.
REVERSED and REMANDED.
SAWAYA, J., concurs.
BERGER, J., concurs in part and dissents in part with opinion.

. Farley was the defendant and property owner below. He died during the pendency of these proceedings.,,

. §§ 932.701-.706, Fla. Stat. (2008).

.See United States v. Bajakajian, 524 U.S. 321, 331 n. 6, 118 S.Ct. 2028, 141 L.Ed.2d 314 (1998) (“[M]odern statutory forfeiture is a ‘fine’ for Eighth Amendment purposes if it constitutes punishment even in part, regardless of whether the proceeding is styled in rem or in personam.”).

. In her dissent, Judge Berger correctly observes that Farley's grow operation occurred within 1,000 feet of a school. However, he pled to cultivation, a third-degree felony, grand theft of electricity, and misdemeanor possession of cannabis. If Farley had been convicted of manufacturing cannabis within 1,000 feet of a school (or trafficking), as originally charged, the harm caused might have been exacerbated. Likewise, if the operation went on for some time, the harm caused might have been correspondingly greater because the profits from the crime would have been greater. But there was no such evidence in this case, as it was decided on summary judgment.