DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**STATE OF FLORIDA,**
Appellant,

v.

**JAVARES JONES,**
Appellee.

No. 4D14-3019

[December 2, 2015]

Appeal from the County Court for the Seventeenth Judicial Circuit, Broward County; Kenneth A. Gottlieb, Judge; L.T. Case No. 13-21991MM10A.

Pamela Jo Bondi, Attorney General, Tallahassee, and Angela E. Noble, and Richard Valuntas, Assistant Attorneys General, West Palm Beach, for appellant.

Paul D. Lazarus, Fort Lauderdale, for appellee.

Robert V. Potter, Jr., F. Wallace Pope, Jr., and Caitlein J. Jammo of Johnson, Pope, Bokor, Ruppel & Burns, LLP, for amicus curiae Community Campaign Against Human Trafficking – West Florida, Inc., and International Association of Human Trafficking Investigators, in support of appellant.

LEVINE, J.

The state appeals a county court order finding the mandatory $5,000 civil penalty imposed under section 796.07(6) to be unconstitutionally excessive and certifying a question of great public importance. This court has jurisdiction. *See* Fla. R. App. P. 9.030(b)(1)(A). *See also* Fla. R. App. P. 9.030(b)(4)(A), 9.160.

Appellee was charged with solicitation of prostitution in violation of section 796.07(2)(f), Florida Statutes (2013). Appellee allegedly offered to pay an undercover officer $40 in exchange for sex. Appellee pled no contest to the charge. The trial court imposed a $5,000 civil penalty pursuant to section 796.07(6), Florida Statutes (2013). Subsequently,

appellee filed a motion to vacate the plea and sentence, arguing that the civil penalty violated the United States Constitution and the Florida Constitution. The county court denied the motion to vacate the plea and sentence but held a hearing on the constitutionality of section 796.07(6). The trial court found the statute unconstitutional, determining that the $5,000 civil penalty was "excessive, unduly oppressive, and unreasonably harsh, such that it shocks the conscience of reasonable persons." The county court struck the civil penalty from the final judgment and certified the following question, on which basis the state appeals:

> IS THE $5,000 FINE MANDATED BY FLA. STAT. § 796.07(6) (2013) FOR A FIRST VIOLATION OF FLA. STAT. § 796.07 (2013), A SECOND-DEGREE MISDEMEANOR UNDER FLORIDA LAW, UNCONSTITUTIONALLY EXCESSIVE, IN LIGHT OF THE NATURE AND GRAVITY OF THE CRIMINAL OFFENSE BEING PUNISHED?

We review whether a fine is unconstitutionally disproportionate to the gravity of an offense de novo. *United States v. Bajakajian*, 524 U.S. 321, 336-37 (1998).

We start our review by noting several fundamental precepts of the law. First, a court should interpret a statute in a manner that would uphold its constitutionality. *State v. Wells*, 965 So. 2d 834, 837 (Fla. 4th DCA 2007). Second, "judgments about the appropriate punishment for an offense belong in the first instance to the legislature." *Bajakajian*, 524 U.S. at 336. Third, "the courts will not declare a statutory fine to be excessive in violation of the Constitution unless it is plainly and undoubtedly in excess of any reasonable requirements for redressing the wrong." *Amos v. Gunn*, 94 So. 615, 641 (1922). And finally, "the legislature is free to set civil fines and penalties in amounts which are not so excessive as to be 'cruel' or 'unusual.'" *State v. Champe*, 373 So. 2d 874, 879 (Fla. 1978). Having said all that, it is also true that when the legislature oversteps its authority, "the Constitution requires judicial engagement, not judicial abdication." *Florida ex rel. Atty Gen. v. Dep't of Health & Human Servs.*, 648 F.3d 1235, 1284 (11th Cir. 2011).

Solicitation of prostitution, a second-degree misdemeanor, is punishable by up to sixty days in jail and a fine up to $500.[1] Significantly, section 775.083(g) authorizes the imposition of fines in "[a]ny higher

---

[1] Effective October 1, 2015, the legislature amended the statute to provide that solicitation of prostitution is a first-degree misdemeanor. Ch. 2015-145, § 1, Laws of Fla.

amount specifically authorized by statute." Effective January 1, 2013, the legislature increased the civil penalty for the offense of solicitation of prostitution from $500 to $5,000. Ch. 2012-105, § 7, Laws of Fla. This civil penalty is in addition to the $500 fine authorized for a second-degree misdemeanor. Section 775.083(6) directs that $500 of the $5,000 civil penalty be used to pay the administrative costs of treatment-based drug court programs and that the remainder be used to fund safe houses for sexually exploited children.

The ultimate question for our determination is whether the civil penalty authorized by this statute violates the Excessive Fines Clause of the United States Constitution and Florida Constitution. Amend. VIII, U.S. Const.; Art. I, § 17, Fla. Const.

A civil penalty implicates the Excessive Fines Clause if it constitutes a "punishment for some offense." *See Austin v. United States*, 509 U.S. 602, 609-10 (1993); *see also Busbee v. State, Div. of Ret.*, 685 So. 2d 914, 917 (Fla. 1st DCA 1996). A payment is remedial, and not punitive, if it compensates the government for a loss and therefore is not subject to the Excessive Fines Clause. *See Bajakajian*, 524 U.S. at 329. However, even a remedial civil fine or penalty "is subject to the Excessive Fines Clause if it serves 'in part to punish.'" *United States v. Lippert*, 148 F.3d 974, 977 (8th Cir. 1998) (quoting *Austin*, 509 U.S. at 602).

Clearly, in this case the civil penalty is subject to the Excessive Fines Clause because it constitutes a punishment for the crime of solicitation of prostitution. Despite the fact that the $5,000 civil penalty is earmarked for concerns related to prostitution, such as drug court programs and safe harbor houses for sexually exploited children, it serves, at least in part, to punish and is thus not entirely remedial. Therefore, we must analyze the civil penalties through the Excessive Fines Clause.

"Fines may be excessive within the prohibitions of the Constitution when they are so great or numerous as to shock the conscience of reasonable men, or are patently and unreasonably harsh or oppressive as penalties for the wrongs sought to be redressed . . . ." *Amos*, 94 So. at 641. However, a fine only violates "the Excessive Fines Clause if it is grossly disproportional to the gravity of a defendant's offense." *Bajakajian*, 524 U.S. at 334.

The United States Supreme Court has recognized that there is little in history or historical sources to help us determine "how disproportional to the gravity of an offense a fine must be in order to be deemed constitutionally excessive." *Id.* at 336. The Excessive Fines Clause "was

3

little discussed in the First Congress and the debates over the ratification of the Bill of Rights. As we have previously noted, the Clause was taken verbatim from the English Bill of Rights of 1689." *Id.* at 335.

To determine whether a fine is grossly disproportional, a court considers: "(1) whether the defendant falls into the class of persons at whom the criminal statute was principally directed; (2) other penalties authorized by the legislature . . . ; and (3) the harm caused by the defendant." *Gordon v. State*, 139 So. 3d 958, 960 (Fla. 2d DCA 2014) (citation omitted). In this case, the trial court failed to consider any of these enumerated factors.[2]

As to the first factor, appellee clearly falls within a class of individuals this civil penalty was directed to. The $5,000 civil penalty is directed at those defendants, like appellee, who solicited a prostitute. Thus, this factor weighs in favor of upholding the civil penalty.

As to the second factor, the legislature authorized penalties of up to sixty days' incarceration and up to a $500 fine in addition to this civil fine. When considering all of the legislatively authorized penalties in aggregation, we find they weigh in favor of upholding the civil penalty.

Finally, as to the third factor, the legislature, by increasing the civil fine from $500 to $5,000, has clearly expressed an increased concern about the harm caused by the crime of solicitation of prostitution. Although in this case, appellee did not directly harm anyone because he solicited an undercover police officer, his solicitation contributed to the demand for prostitution. *See Gordon*, 139 So. 3d at 964 (determining that an analysis of harm caused must include "potential harm caused" as well as "actual harm caused"). Thus, we look beyond appellee's immediate actions to the harm the legislature has sought to redress. We therefore find this factor weighs in favor of upholding the civil penalty.

Considering these factors, we cannot say that the $5,000 civil penalty for solicitation of prostitution is "grossly disproportional" to the gravity of the offense so as to violate the Eighth Amendment. Nor can it be said that

---

[2] We need not remand to the county court to consider these factors since this court is in as good a position to make a determination, and regardless, the result would be the same. *See, e.g.*, *Theophile v. State*, 78 So. 3d 574, 578 (Fla. 4th DCA 2011) (recognizing an appellate court is in an "equal position with the trial court" where a de novo standard of review applies and the issue is purely a question of law).

the civil penalty is "so great or numerous as to shock the conscience of reasonable men, or [is] patently and unreasonably harsh or oppressive as penalties for the wrongs sought to be redressed . . . ." *Amos*, 94 So. at 641. *See also Gordon*, 139 So. 3d at 964 (upholding fines of $100,000 and $500,000 for trafficking in oxycodone and conspiracy to traffic in oxycodone). We rest on the premise that "[r]eviewing courts . . . should grant substantial deference to the broad authority that legislatures necessarily possess in determining the types and limits of punishments for crimes." *Solem v. Helm*, 463 U.S. 277, 290 (1983).

The trial court also relied, in part, on the degree of the offense in determining that the civil penalty was excessive. We note that other second-degree misdemeanors authorize similar fines or civil penalties of $5,000. *See, e.g.*, § 310.161(2), Fla. Stat. (piloting without a license); §§ 373.430(4), 403.161(4), Fla. Stat. (causing pollution, that results in harm or injury, due to reckless indifference or gross careless disregard); § 483.23(1)(b), Fla. Stat. (operating a clinical laboratory without a license). We find that the degree of the crime is not dispositive in this analysis.

In sum, we answer the certified question by determining that the $5,000 civil penalty is not violative of the Excessive Fines Clause. We thus reverse the order of the county court and remand for reinstatement of the civil fine as previously entered.

*Reversed and remanded.*

DAMOORGIAN and KLINGENSMITH, JJ., concur.

\*     \*     \*

***Not final until disposition of timely filed motion for rehearing.***

5