NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


STATE OF FLORIDA,                          )
                                           )
            Appellant,                     )
                                           )
v.                                         )          Case No. 2D14-2679
                                           )
JOSEPH LLOYD COTTON,                       )
                                           )
            Appellee.                      )
                                           )
_____ )

Opinion filed February 26, 2016.

Appeal from the County Court for
Manatee County; Robert A. Farrance,
Judge.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Dawn A. Tiffin and
Marilyn Muir Beccue, Assistant Attorneys
General, Tampa, for Appellant.

F. Wallace Pope, Jr., Robert V. Potter,
Jr., and Caitlein J. Jammo of Johnson,
Pope, Bokor, Ruppel & Burns, LLP,
Clearwater, for Amicus Curiae
Community Campaign Against Human
Trafficking – West Florida, Inc. and
International Association of Human
Trafficking Investigators.

Chris M. Pratt and Tracy B. Pratt,
Palmetto; and Mark Lipinski, Bradenton,
for Appellee.

Sonya Rudenstine, Gainesville; and
Karen Gottlieb, Coconut Grove, for
Amicus Curiae Florida Association of
Criminal Defense Lawyers.

BLACK, Judge.

The State appeals a county court order finding section 796.07(6), Florida

Statutes (2013), unconstitutional. Because we conclude that the statute is not facially

unconstitutional and that the $5000 fine is not excessive or "grossly disproportional" as

applied in this case, we reverse.

I.      Background

Joseph Cotton entered a plea of nolo contendere to a violation of section

796.07(2)(f), solicitation of prostitution. Because this was Cotton's first violation, his

crime is a second-degree misdemeanor. See § 796.07(4)(a).[1] The trial court withheld

adjudication, sentenced him to six months of probation, ordered him to complete twenty-

five hours of public service work within five months, and ordered him to submit to a

sexually transmitted disease screening within thirty days. Cotton was also assessed a

$5000 civil penalty pursuant to section 796.07(6).

Prior to entering his plea, Cotton filed a motion to declare section

796.07(6) unconstitutional. In his motion, he contended that the $5000 penalty is an

excessive fine in violation of the Excessive Fines Clause in both the United States and

---

[1]During the pendency of this appeal, effective October 1, 2015, section
796.07(4) was amended to, among other things, make a first violation of section
796.07(2)(f) a first-degree misdemeanor. Ch. 2015-145, § 1, Laws of Fla.

Florida Constitutions.[2]  See U.S. Const. amend. VIII; art. 1, § 17, Fla. Const.  Following the acceptance of Cotton's plea and the imposition of his sentence, Cotton presented his argument, sought a declaration that section 796.07(6) is unconstitutional both facially and as applied to him, and requested an order striking the $5000 penalty.

The trial court granted the motion, found the statute unconstitutional, and struck the penalty.  The court found the fine at issue is "excessive, unduly oppressive, and unreasonably harsh, such that it would shock the conscience of reasonable men."  In its order, the court distinguished many of the cases provided by both Cotton and the State, noting that unlike excessive forfeiture cases, section 796.07(6) requires imposition of a fine in a predetermined amount regardless of the underlying facts of the individual case.  The trial court also certified a question of great public importance to this court, which we restate as:

> WHETHER THE $5000 FINE MANDATED BY SECTION 796.07(6), FLORIDA STATUTES (2013), FOR A FIRST VIOLATION OF SECTION 796.07, A SECOND-DEGREE MISDEMEANOR, IS AN EXCESSIVE FINE IN LIGHT OF THE NATURE AND GRAVITY OF THE CRIMINAL OFFENSE BEING PUNISHED.

The State appeals the court's ruling.  See Fla. R. App. P. 9.030(b)(1)(A) (invoking the appeal jurisdiction of this court to review county court final orders declaring a state statute unconstitutional).[3]  The State initially challenged the trial court's implicit

---

[2]Cotton's motion also included the statement that "[t]he distribution of the $5000 civil penalty funds is not reasonably related to the crime it is derived from."

[3]The State contends that this court has discretionary jurisdiction pursuant to Florida Rule of Appellate Procedure 9.030(4)(a), providing for review of final orders of the county court "that the county court has certified to be of great public importance," and therefore our review is limited to the certified question.  However, our review is mandatory because the county court declared a statute invalid.  See § 26.012, Fla. Stat.

determination that the civil penalty is punitive in nature—making it subject to the excessive fines analysis—along with the determination that the fine is unconstitutional. However, at oral argument the State properly conceded that although the civil penalty was apparently intended to be primarily remedial it is, in practice, punitive. Cf. Austin v. United States, 509 U.S. 602, 622 n.14 (1993) ("[A] fine that serves purely remedial purposes cannot be considered 'excessive' in any event."). We therefore refer to the $5000 civil penalty as a fine, recognizing that it is punitive and therefore subject to an Excessive Fines Clause analysis. See also State v. Jones, No. 4D14-3019, 2015 WL 7752702, at *2 (Fla. 4th DCA Dec. 2, 2015) ("[I]n this case the civil penalty is subject to the Excessive Fines Clause because it constitutes a punishment for the crime of solicitation of prostitution.").

II.     Statute

Section 796.07, under which Cotton was charged and convicted, prohibits prostitution and related acts, including offering another person for the purpose of prostitution; engaging in prostitution; soliciting another to commit prostitution; purchasing the services of a person engaged in prostitution; and aiding or participating in any of the prohibited acts enumerated within the statute. § 796.07(2)(b), (e), (f), (i), (h). Section 796.07(4) delineates the level of offense committed depending on whether it is the defendant's first, second, or third or subsequent violation. Under the 2013

---

(2014); Fla. R. App. P. 9.030(b)(1)(A). Moreover, even if our jurisdiction were discretionary, the State fails to recognize that rule 9.160(f), governing our scope of review in discretionary proceedings to review county court decisions, expressly provides that upon acceptance of such appeal, this court "will decide all issues that would have been subject to appeal if the appeal had been taken to the circuit court." Fla. R. App. P. 9.160(f)(1).

version of the statute, a first violation of any provision of the statute is a second-degree misdemeanor, a second violation is a first-degree misdemeanor, and a third or subsequent violation is a third-degree felony, regardless of which subsection is violated. § 796.07(4)(a), (b), (c). A defendant convicted of a violation of section 796.07(2)(f), prohibiting solicitation, inducement, enticement, or procurement of another person to commit prostitution, lewdness, or assignation—regardless of the degree of the offense—must be assessed the $5000 fine.[4] § 796.07(6). That is, no matter whether the defendant committed a third-degree felony or a second-degree misdemeanor solicitation violation, the court is required to impose the $5000 fine.

Prior to January 1, 2013, section 796.07(6) mandated the imposition of a $500 fine for violations of section 796.07(2)(f). In 2012 the legislature adopted an amendment to the statute to increase the fine from $500 to $5000. Ch. 2012-105, § 7, Laws of Fla. The increased fine was part of the Florida Safe Harbor Act, which was "intended to provide a more coordinated response to address the child welfare services needs of sexually exploited children who are dependent." Fla. S. Budget Comm., Budget subcomm. on Criminal and Civil Justice Appropriations; Children, Families, and Elder Affairs Comm., CS for SB 202 (2012), Staff Analysis 1 (March 3, 2012). The 2013 statute mandates that the first $500 of the fine be used to pay administrative costs of treatment-based drug court programs and the remaining $4500 be used for funding safe houses and safe foster homes for sexually exploited children.[5]

---

[4]Interestingly, there is no fine for violations of the other provisions of the statute.

[5]The Act is specific to sexually exploited children and "[i]ncreases the civil penalty for crimes related to prostitution from $500 to $5,000." Staff Analysis, supra, at

III.    Discussion

The Eighth Amendment to the United States Constitution provides: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted."  U.S. Const. amend. VIII.  The Florida Constitution also similarly forbids excessive fines.  Art. I, § 17, Fla. Const. ("Excessive fines, cruel and unusual punishment, attainder, forfeiture of estate, indefinite imprisonment, and unreasonable detention of witnesses are forbidden.").  However, there is a "dearth of caselaw" applying these prohibitions on excessive fines.  Gordon v. State, 139 So. 3d 958, 960 (Fla. 2d DCA 2014) (citing United States v. Bajakajian, 524 U.S. 321, 327 (1998)).  This is particularly true outside of the context of forfeitures.  Cf. Bajakajian, 524 U.S. at 327 (stating—in the forfeiture context—that the Court "has had little occasion to interpret, and has never actually applied, the Excessive Fines Clause").

In undertaking our de novo review of the constitutionality of the statute at issue, we are mindful of two touchstones of the inquiry before us:  "the principle of proportionality," Bajakajian, 524 U.S. at 334, and our "obligat[ion] to accord legislative acts a presumption of constitutionality," State v. Adkins, 96 So. 3d 412, 416-17 (Fla. 2012) (quoting Fla. Dep't of Revenue v. City of Gainesville, 918 So. 2d 250, 256 (Fla. 2005)).  "A defendant who challenges the constitutional validity of a statute bears a

---

2.  Effective October 1, 2014, those sections of chapter 796 pertaining to child-related prostitution crimes were repealed.  Ch. 2014-160, § 10, Laws of Fla.  Section 796.001 was added and provides that "[i]t is the intent of the [l]egislature that adults who involve minors in any behavior prohibited under this chapter be prosecuted under other laws of this state, such as, but not limited to, s. 787.06, chapter 794, chapter 800, s. 810.145, chapter 827, and chapter 847.  The [l]egislature finds that prosecution of such adults under this chapter is inappropriate since a minor is unable to consent to such behavior."  Ch. 2014-160, § 9, Laws of Fla.  The fine remains.

heavy burden of establishing its invalidity." Wright v. State, 739 So. 2d 1230, 1231 (Fla. 1st DCA 1999) (citing Milliken v. State, 131 So. 2d 889, 892 (Fla. 1961)). And "[e]ven in those few Florida cases which have considered the intention and application of the excessive punishments provision as applied to 'fines,' there is a 'strong presumption that the amount of a fine is not unconstitutionally excessive if it lies within the range of fines prescribed by the legislature.' " Browning v. Angelfish Swim Sch., Inc., 1 So. 3d 355, 359 (Fla. 3d DCA 2009) (quoting Moustakis v. City of Ft. Lauderdale, No. 08-60124, 2008 WL 2222101, at *1 (S.D. Fla. May 27, 2008)). Further, "reviewing court[s] should grant substantial deference to the legislature's determination of the appropriate punishment for an offense." Riopelle v. Dep't of Fin. Servs., 907 So. 2d 1220, 1223 (Fla. 1st DCA 2005) (citing Bajakajian, 524 U.S. at 336).

"Well-settled Florida decisional authority provides that a statutorily authorized civil fine will not be deemed so excessive as to be cruel or unusual unless it is so great as to shock the conscience of reasonable men or is patently and unreasonably harsh or oppressive." Locklear v. Fla. Fish & Wildlife Conservation Comm'n, 886 So. 2d 326, 329 (Fla. 5th DCA 2004) (citing Amos v. Gunn, 94 So. 615 (Fla. 1922)); accord Moustakis, 2008 WL 2222101, at *1; see also State v. Jackson, 417 So. 2d 1097, 1098 (Fla. 4th DCA 1982) ("With respect to appellee's excessive fine argument, the standard to be applied was enunciated by the Florida Supreme Court in Amos . . . [that] 'the courts will not declare a statutory fine to be excessive in violation of the Constitution unless it is plainly and undoubtedly in excess of any reasonable requirements for redressing the wrong.' This standard was later clarified in State v. Champe, 373 So. 2d 874, 879 (Fla. 1979) wherein the [c]ourt stated, '. . . the

- 7 -

[l]egislature is free to set civil fines and penalties in amounts which are not so excessive as to be cruel or unusual . . . .' ").  The requirement that a fine "shock the conscience of reasonable men" or be "patently and unreasonably harsh or oppressive" before it can be declared excessive subsumes the principle of proportionality because it necessarily incorporates consideration of whether the fine "is plainly and undoubtedly in excess of any reasonable requirements for redressing the wrong," see Amos, 94 So. at 641, or whether it "is reasonably and uniformly proportionate to the gravity of the offense, and therefore constitutionally sound," see Champe, 373 So. 2d at 880.  See also Gordon, 139 So. 3d at 960 (applying the proportionality-based forfeiture excessiveness factors in a pure excessive fines context).

> A facial constitutional challenge considers only the text of the statute, not its application to a particular set of circumstances.  Abdool v. Bondi, 141 So. 3d 529, 538 (Fla. 2014).  A determination that a statute is facially unconstitutional means that no set of circumstances exists under which the statute would be valid.  United States v. Salerno, 481 U.S. 739, 745, 107 S. Ct. 2095, 95 L. Ed. 2d 697 (1987); [Fla. Dep't of Revenue v.] City of Gainesville, 918 So. 2d [250,] 256 [Fla. 2005].  "If any state of facts, known or to be assumed, justify the law, the court's power of inquiry ends."  State v. Bales, 343 So. 2d 9, 11 (Fla. 1977) (citing United States v. Carolene Prods. Co., 304 U.S. 144, 154, 58 S. Ct. 778, 82 L. Ed. 1234 (1938)).  A facial challenge fails when a statute has a "plainly legitimate sweep."  Wash. State Grange v. Wash. State Republican Party, 552 U.S. 442, 449, 128 S. Ct. 1184, 170 L. Ed. 2d 151 (2008) (citation omitted).

Smalley v. Duke Energy Fla., Inc., 154 So. 3d 439, 441 (Fla. 2d DCA 2014).  "A facial challenge considers only the text of the statute, *not its application to a particular set of circumstances,* and the challenger must demonstrate that the statute's provisions pose a present total and fatal conflict with applicable constitutional standards."  In re Senate

Joint Resolution of Legislative Apportionment 1176, 83 So. 3d 597, 690 (Fla. 2012) (quoting Ogborn v. Zingale, 988 So. 2d 56, 59 (Fla. 1st DCA 2008)).  "A facial challenge to a statute is more difficult than an 'as applied' challenge because the challenger must establish that no set of circumstances exists under which the statute would be valid." DIRECTV, Inc. v. State, Dep't of Revenue, 40 Fla. L. Weekly D1375, D1376 (Fla. 1st DCA June 11, 2015) (quoting Cashatt v. State, 873 So. 2d 430, 434 (Fla. 1st DCA 2004)).

Section 775.083(1), Florida Statutes (2013), provides a reference point for fines in criminal proceedings.  The statutorily designated fines "shall not exceed" $5000 for a third-degree felony conviction, $1000 for a first-degree misdemeanor conviction, and $500 for a second-degree misdemeanor conviction.  § 775.083(1)(c), (d), (e). However, section 775.083(1)(g) also authorizes "higher amount[s] specifically authorized by statute."  A fine within the permissible range otherwise authorized by the legislature is presumptively constitutional.  See United States v. Chaplin's, Inc., 646 F.3d 846, 852 (11th Cir. 2011) (discussing forfeitures and stating that "[t]he Sentencing Guidelines reflect institutional expertise and monetize culpability 'with even greater precision than criminal legislation'; 'a defendant would need to present a very compelling argument' to suggest that a forfeiture within the guideline range is constitutionally excessive" (quoting United States v. 817 N.E. 29th Drive, Wilton Manors, Fla., 175 F.3d 1304, 1310 (11th Cir.1999))); see also Agresta v. City of Maitland, 159 So. 3d 876, 878 (Fla. 5th DCA 2015) ("[C]onsideration of the fines approved by the legislature indicates the monetary value society places on the harmful conduct.").  The $5000 fine imposed by section 796.07(6) is constitutional as to third or

- 9 -

subsequent violations of the prostitution solicitation statute because they are third-degree felonies.  And as a result, the statute cannot be facially unconstitutional.  See Smalley, 154 So. 3d at 441.  Moreover, caselaw supports the "constitutional propriety" of fines that double and treble the amount of money involved in a violation of the law.  See, e.g., Baeumel v. State, 7 So. 371, 373 (Fla. 1890); Ferre v. State, 478 So. 2d 1077, 1083 (Fla. 3d DCA 1985).

Cotton's challenge to the constitutionality of the fine as applied to Cotton, while a closer issue, also fails.  As in the forfeiture context, fines of a greater amount than authorized by section 775.083 should receive closer scrutiny.  See Chaplin's, 646 F.3d at 852 (discussing scrutiny in forfeiture cases).  While there is no bright-line ratio to determine whether a fine is excessive, strict proportionality is not the standard.  See Bajakajian, 524 U.S. at 336.  Under the proportionality analysis, we must consider the nature of the criminal offense being punished and whether the $5000 fine exceeds "any reasonable requirements for redressing the wrong."  See Amos, 94 So. at 641.  Even under such careful consideration, Cotton has not established that the fine, as applied to him, rises to the level required to be deemed unconstitutional.

The fine at issue is part of the statute prohibiting prostitution and related acts.  § 796.07.  "Forty-nine of the fifty states today prohibit all sales of sexual services. The federal government acknowledges the link between prostitution and trafficking in women and children, a form of modern day slavery."  Coyote Publ'g, Inc. v. Miller, 598 F.3d 592, 600 (9th Cir. 2010) (citing U.S. Department of State, The Link Between Prostitution and Sex Trafficking (November 24, 2004)).  "Solicitation of prostitution, lewdness, public indecency, and other sexual vice crimes of the types material to the

subject litigation may impact adversely the health, safety, welfare, and morals of the affected neighborhood and the larger community." Ross v. Duggan, 113 Fed. App'x 33, 45 (6th Cir. 2004) (unpublished).

While section 796.07(4)(a) provides that a first-time violator of the statute commits a second-degree misdemeanor and may therefore be sentenced up to sixty days in jail or placed on probation for up to six months, see §§ 775.082(4)(b), 948.15(1), Fla. Stat. (2013), the adverse impact of vice crimes on the community is recognized, in part, by the imposition of fines up to the amount in question here, see Jones, 2015 WL 7752702, at *3. See also Milwaukee, Wisc., Ordinance 106–35(2) (2014) (providing that "[a]ny person who loiters or drives in any public place in a manner and under circumstances manifesting the purpose of inducing, enticing, soliciting or procuring another to commit an act of prostitution shall forfeit not less than $500 nor more than $5,000 or upon default of payment be imprisoned for not more than 80 days"). And as the Fourth District did in Jones, we conclude that the degree of the crime is not dispositive. See Jones, 2015 WL 7752702, at *3. Other second-degree misdemeanors carry fines or civil penalties of up to $5000. See, e.g., § 310.161(2), Fla. Stat. (piloting without a license); §§ 373.430(4), 403.161(4), Fla. Stat. (prohibiting pollution resulting in harm or injury due to reckless indifference or gross careless disregard); § 483.23(1)(b), Fla. Stat. (operating a clinical laboratory without a license).

The legislature has determined that a $5000 fine is appropriate, and we give substantial deference to that determination. We do not view the $5000 fine as patently oppressive or grossly disproportionate as applied to Cotton. See Jones, 2015 WL 7752702, at *3; Ross, 113 Fed. App'x at 46 (concluding that the fines and fees

- 11 -

imposed were constitutional where underlying law prohibited solicitation of prostitution); cf. One 1995 Toyota Pick-Up Truck v. Dist. of Columbia, 718 A.2d 558, 565-66 (D.C. 1998) (concluding in the forfeiture context that a penalty "on the order of fifty times the fine authorized" was grossly disproportionate and excessive). But see Dep't of Envtl. Prot. v. Zabielinski, 785 So. 2d 517, 520 (Fla. 3d DCA 2000) (concluding in the forfeiture context that a fine was excessive where fraudulently registering a vessel "is not as grave as other offenses, for example drug offenses," and "the vessel is valued [at] $60,000 which is more than eleven times the amount of the fine that could have been imposed"). We agree with the State's assessment that the fine is a "relatively modest amount by today's standards."

IV.     Conclusion

"Outside the context of capital punishment, successful challenges to the proportionality of particular sentences have been exceedingly rare." Adaway v. State, 902 So. 2d 746, 748 (Fla. 2005) (quoting Hall v. State, 823 So. 2d 757, 760 (Fla. 2002)). Although as applied to Cotton, the $5000 fine approaches the outer limits of constitutionality, we do not find it to be excessive. Accordingly, we answer the certified question in the negative and we reverse the county court order finding section 796.07, Florida Statutes (2013), unconstitutional and remand for imposition of the $5000 fine.

Reversed and remanded.


CASANUEVA and NORTHCUTT, JJ., Concur.